MARKMAN, J.
This case presents the question whether MCL 333.7413(2), by authorizing a trial court to enhance the sentence of a defendant who is a repeat drug offender to a “term not more than twice the term otherwise authorized,” allows the trial court to double both the defendant’s minimum and maximum sen- *720 fences. We answer this question in the affirmative. Accordingly, defendant’s sentence is affirmed.
I. BACKGROUND
Defendant pleaded guilty to possession of methamphetamine, MCL 333.7403(2)(b)(i), with a sentence enhancement as a repeat drug offender, MCL 333.7413(2). At sentencing, the trial court calculated defendant’s minimum sentence range under the sentencing guidelines at 10 to 23 months. Pursuant to § 7413(2), the trial court, relying on People v Williams, 268 Mich App 416; 707 NW2d 624 (2005), doubled both the minimum and maximum sentences and sentenced defendant to 46 months to 20 years in prison.[1] Defendant did not object to the sentence, but sought leave to appeal in the Court of Appeals, contending that the trial court had erred by doubling his minimum sentence. The Court of Appeals denied leave to appeal in a split decision, and defendant applied for leave to appeal in this Court. We heard oral argument on his application.
II. STANDARD OF REVIEW
This Court reviews de novo questions of statutory interpretation. People v Schaefer, 473 Mich 418, 427; 703 NW2d 774 (2005).
III. ANALYSIS
MCL 333.7413(2) provides for enhanced sentencing for defendants convicted of a second or subsequent controlled substance offense:
*721 Except as otherwise provided in subsections (1) and (3), an individual convicted of a second or subsequent offense under this article may be imprisoned for a term not more than twice the term otherwise authorized or fined an amount not more than twice that otherwise authorized, or both.[2]
Defendant argues that the phrase “the term otherwise authorized” only refers to the statutory maximum sentence, and that the trial court therefore erred by doubling the minimum sentence guideline range. Consequently, his minimum sentence should have been within the original minimum sentence guideline range of 10 to 23 months. The prosecutor responds that, based on Michigan’s indeterminate sentencing scheme,[3] “the term otherwise authorized” refers to the period demarcated by both the minimum and maximum sentences and thus the court correctly doubled that “term” by doubling both the minimum and maximum sentences. Obviously, the resolution of the instant dispute rests on the meaning of “the term otherwise authorized.”
The Court’s responsibility in interpreting a statute is to determine and give effect to the Legislature’s intent. People v Koonce, 466 Mich 515, 518; 648 NW2d 153 (2002). The statute’s words are the most reliable indi *722 cator of the Legislature’s intent and should be interpreted based on their ordinary meaning and the context within which they are used in the statute. People v Morey, 461 Mich 325, 330; 603 NW2d 250 (1999). Once the Court discerns the Legislature’s intent, no further judicial construction is required or permitted “because the Legislature is presumed to have intended the meaning it plainly expressed.” People v Stone, 463 Mich 558, 562; 621 NW2d 702 (2001).
The word “term” is relevantly defined as “the time or period through which something lasts” or “a period of time to which limits have been set.” Random House Webster’s College Dictionary (1997). The “term” that a court is permitted to double in § 7413(2) is the “term otherwise authorized.” “[Ojtherwise authorized” undoubtedly refers to the term provided by law and for which a defendant would be imprisoned absent any enhancement under § 7413(2). Thus, the “term otherwise authorized” is a “period of time,” or more specifically a “period of time to which limits have been set,” by law.
Because Michigan generally adheres to an indeterminate sentencing scheme,[4] the term for which a defendant would “otherwise” be imprisoned absent an enhancement is not a definite period “through which [imprisonment] lasts.” Rather, it is an indefinite “period” that is defined by a minimum and maximum sentence. In the instant case, for example, defendant’s unenhanced sentence would likely have been 23 months to 10 years.[5]
 [6]This sentence is best understood as “the *723 term otherwise authorized,” because: (a) it identifies the “period of time” that a defendant has to remain in prison as a function of “limits [that] have been set” by the minimum sentence guidelines and the statutory maximum;[6] and (b) this “period of time” has been calculated as “authorized” by law.
That the indeterminate sentence that a defendant typically receives under Michigan law constitutes a “term” is supported by the ordinary parlance used by the courts of this state to describe indeterminate prison sentences. See, e.g., People v Smith, 482 Mich 292, 297; 754 NW2d 284 (2008) (“The judge sentenced defendant to three concurrent terms of 30 to 50 years’ imprisonment ....”) (emphasis added); People v Williams, 475 Mich 245, 248; 716 NW2d 208 (2006) (“[Defendant] was sentenced to a one- to fifteen-year term of imprisonment.”) (emphasis added); People v Conyer, 281 Mich App 526, 527; 762 NW2d 198 (2008) (“Defendant was sentenced to serve consecutive prison terms of 30 to 120 months ....”) (emphasis added); People v Matuszak, 263 Mich App 42, 45; 687 NW2d 342 (2004) (“Defendant was sentenced to concurrent prison terms of fifteen to thirty years----”) (emphasis added). These are only a tiny sampling of the hundreds of decisions in which a defendant’s indeterminate sentence range is consistently referred to as a “term.”[7] Such ordinary and persistent use of “term” to describe this range establishes clearly, in our judgment, that the sentence expressed by reference to both the minimum and maximum sentences constitutes a “term.”
*724 Thus, under Michigan’s scheme of indeterminate sentencing and the courts’ implementation of that scheme, the “term otherwise authorized” is not exclusively the minimum sentence or the maximum sentence, but it is the actual indeterminate sentence, which is defined by both the minimum and maximum limits for that sentence. In other words, the “period of time” that a defendant could potentially spend in prison lies somewhere between the minimum and the maximum allowable sentences, and accordingly those sentences operate in tandem to define the “term” for which a defendant has been sentenced. In order to double this “term,” a trial court necessarily has to double both the minimum and maximum sentences because both are required to constitute a particular “term.”[8] Accordingly, § 7413(2)’s authorization for a trial court to imprison a defendant for a “term not more than twice the term otherwise authorized” signifies that both the minimum and maximum sentences must be doubled to fashion an enhanced sentence that is twice the “term otherwise authorized.”[9]
Moreover, interpreting “the term otherwise authorized” as the indeterminate sentence created by both the minimum and maximum sentences is the only way to give consistent effect to § 7413(2)’s directive that the defendant be “imprisoned for a term not more than twice the term otherwise authorized” when the trial *725 court doubles the “term otherwise authorized.” (Emphasis added.) The alternative interpretation suggested by defendant, with which the dissent agrees, creates a risk that this statutory directive will be violated, because defendant would have this Court treat the maximum sentence, but not the minimum sentence, as a “term,” even though both sentences, equivalently, constitute periods of time through which defendant’s prison time may last.[10] Assume that defendant is sentenced to 23 months to 20 years.[11] It would be impossible for defendant to serve this maximum sentence, because to do so would mean that defendant will have been imprisoned for a term “more than twice the term otherwise authorized,” since defendant’s interpretation necessarily means that the minimum sentence must be treated as a “term otherwise authorized.” That is, the statute itself would have been violated because defendant’s term of imprisonment, i.e., 20 years, would be 10 times longer than the 23-month “term” that defendant asserts is “otherwise authorized,” which directly conflicts with the statutory requirement that defendant can only be imprisoned for a term “not more than twice” that “term.”
By contrast, when the “term otherwise authorized” is interpreted as the indeterminate sentence designated by both the minimum and maximum sentences, and when both of these sentences are doubled, the defen *726 dant will never be imprisoned for a term 10 times the unenhanced term. Using the previous illustration, when both the minimum and maximum sentences are doubled, the 23-month minimum sentence would be doubled to 46 months, the 10-year maximum sentence would be doubled to 20 years, and, accordingly, the “term otherwise authorized,” i.e., 23 months to 10 years, would be doubled to 46 months to 20 years. When a trial court considers both the minimum and maximum sentences as the “term otherwise authorized,” and doubles each of these to form the enhanced term, the enhanced term will never be 10 times as long as the “term otherwise authorized,” but will always be exactly twice as long as the unenhanced term.
Finally, the Legislature’s authorization for a defendant to be imprisoned for an enhanced term is most reasonably understood to communicate that the defendant should, in fact, serve more time — indeed as a general matter, approximately “twice” as much time— for his enhanced term than for his unenhanced term. Interpreting § 7413(2) to only allow the trial court to double the defendant’s maximum sentence would not in reality ensure that the defendant will serve any additional time when sentenced for a second drug offense, because the minimum sentence would remain the same and nothing in an indeterminate sentence prevents a defendant from being released after his minimum sentence has been satisfied. Thus, interpreting § 7413(2) to allow both the minimum and maximum sentences to be doubled is most consistent with what is almost certainly the common understanding that a defendant who has been imprisoned for “twice” his original “term” will serve twice what he would have otherwise served.[12]
*727 Defendant also contends that MCL 777.21 supports his position that the trial court can only double the maximum sentence under MCL 333.7413(2). MCL 777.21 states in relevant part:
(3) If the offender is being sentenced under section 10, 11, or 12 of chapter IX, determine the offense category, offense class, offense variable level, and prior record variable level based on the underlying offense. To determine the recommended minimum sentence range, increase the upper limit of the recommended minimum sentence range determined under part 6 for the underlying offense as follows:
(a) If the offender is being sentenced for a second felony, 25%.
(b) If the offender is being sentenced for a third felony, 50%.
(c) If the offender is being sentenced for a fourth or subsequent felony, 100%.
(4) If the offender is being sentenced for a violation described in section 18 of this chapter, both of the following apply:[13]
(a) Determine the offense variable level by scoring the offense variables for the underlying offense and any additional offense variables for the offense category indicated in section 18 of this chapter.
(b) Determine the offense class based on the underlying offense. If there are multiple underlying felony offenses, the offense class is the same as that of the underlying felony offense with the highest crime class. If there are multiple underlying offenses but only 1 is a felony, the *728 offense class is the same as that of the underlying felony offense. If no underlying offense is a felony, the offense class is G.
Defendant relies on the fact that § 21(3) allows a court to increase a defendant’s minimum sentence range, but § 21(4), which applies to sentencing under MCL 333.7413(2), only specifies the various offense variables and offense classes to be used in calculating the guideline range. Therefore, he argues, the Legislature’s omission of a minimum sentencing enhancement in MCL 777.21(4) indicates that the Legislature did not intend enhancement of minimum sentences for those offenses.
We find defendant’s argument unpersuasive. MCL 777.21(4) simply provides the methodology for a trial court to follow in calculating a defendant’s minimum sentence guideline range. The lack of a minimum sentence enhancement in that subsection provides no insight into whether MCL 333.7413(2) provides a minimum sentence enhancement, and it is unclear why a lack of a minimum sentence enhancement under MCL 777.21(4) must mean that the Legislature intended MCL 333.7413(2) to also lack a minimum sentence enhancement.[14] The Legislature’s silence in MCL 777.21(4) regarding a minimum sentence enhancement cannot preclude the Legislature from providing a minimum sentence enhancement in a separate statute.
IV RESPONSE TO DISSENT
The dissent concludes that MCL 333.7413(2) should be interpreted to authorize trial courts to enhance only *729 the maximum sentence for repeat drug offenders because such interpretation avoids a “potential conflict” between § 7413(2) and MCL 769.34(2). Post at 736-737. We agree with the dissent’s maxim of interpretation that statutes concerning the “same subject matter must be read together and, when possible, construed harmoniously, ” post at 733, but disagree that this compels the dissent’s interpretation. In arriving at this disagreement, we consider the equally well-established maxim of interpretation that “the Legislature is presumed to be aware of judicial interpretations of existing law when passing legislation.” Ford Motor Co v City of Woodhaven, 475 Mich 425, 439-440; 716 NW2d 247 (2006) (quotation marks omitted).
As the dissent correctly notes, post at 740, prior to enactment of the sentencing guidelines, MCL 333.7413(2) had been interpreted to allow a trial court to enhance both the minimum and maximum sentences when a defendant’s “term,” defined by those minimum and maximum sentences, was set by statute. See People v Williams, 205 Mich App 229, 230; 517 NW2d 315 (1994). The sentencing guidelines now statutorily authorize both the minimum and maximum sentences for a broad range of criminal offenses, thereby making the “terms” of applicable offenses to which § 7413(2) had not previously applied the equivalent of the “terms” of offenses to which § 7413(2) had previously applied. Thus, our interpretation of § 7413(2) remains consistent with how it was interpreted in Williams-, applying that decision to the minimum sentence in the instant case is merely a function of the Legislature’s decision to enact sentencing guidelines that established minimum sentences.
The dissent further argues that, because the sentencing guidelines apply to defendant’s underlying *730 offense — the possession of methamphetamine — the sentence must be within the minimum sentence guideline range as calculated for that offense. Post at 737. However, the Legislature expressly provided that the guidelines specifically apply to sentencing done pursuant to § 7413(2), MCL 777.18, and implemented a specific scheme for when “the offender is being sentenced for a violation [of § 7413(2)],” MCL 777.21(4). Under this scheme, the trial court is directed to calculate the minimum sentence range based on the offense variables and offense class for the underlying felony. MCL 777.21(4). Notably, § 21(4) includes no scoring for prior record variables, even though MCL 333.7413(2) only applies if a defendant has, in fact, committed a prior offense. In light of this, it seems reasonable to conclude that the Legislature, knowing that § 7413(2) allowed an enhancement of the minimum sentence, intended the minimum sentence guideline range to be calculated without respect to the underlying offense’s repeat nature. If the Legislature had intended for § 7413(2) to operate only as an enhancement of the maximum sentence, then MCL 777.21(4) would have been unnecessary, and the Legislature would have had no reason to apply the minimum sentence guidelines to sentencing under MCL 333.7413(2). Instead, the Legislature could have simply directed the trial court to calculate the minimum sentence guideline range for the underlying felony as if it were not a subsequent drug offense, and then simply apply § 7413(2) to increase the maximum sentence. Yet, it chose not to do this. Rather, construing the legislatively established procedures for determining the minimum sentence guideline range under § 7413(2), in combination with the recognition that the Legislature was aware that § 7413(2) applied to “terms” that had statutory mínimums and máximums prior to the enactment of MCL 769.34(2), suggests that the Legislature *731 intended for the recidivist aspect of the subsequent drug offense to be accounted for by enhancing both the defendant’s minimum and maximum sentences pursuant to § 7413(2).[15]
Finally, the dissent contends that we reach our interpretation of “term” through “impressive linguistic gymnastics,” without clarifying what these “gymnastics,” impressive or otherwise, might be. Post at 742 n 10. In fact, we have carefully reviewed the statutory language, and the common understanding of that language, to arrive at our understanding of what constitutes the “term.” The Legislature used the phrase “the term otherwise authorized,” unadorned by “minimum” or “maximum” or any other modifier. In the dissent’s own words, “it is logical that the unmodified word ‘term’ would be used in order to be applicable to both.” Post at 742 n 10. More precisely, because the Legislature has not modified “term” with either “minimum” or “maximum,” the phrase “the term otherwise authorized” is most reasonably interpreted as the prison term to which a defendant would be sentenced absent any enhancement. See also n 10 of this opinion. In Michigan, such “term” is indeterminate and is established by reference to both the minimum and maximum sentences.
V CONCLUSION
We hold that MCL 333.7413(2) authorizes the trial court to double both the minimum and maximum *732 sentences in order to double defendant’s “term otherwise authorized.” This understanding gives effect to the Legislature’s use of a word, “term,” that is ordinarily used to characterize a defendant’s indeterminate sentence range, as well as to all other phrases in the statute; it avoids the risk that, contrary to § 7413(2), a defendant’s enhanced sentence will be “more than twice” the unenhanced sentence; and it implements the reasonable expectation that a statute authorizing a court to “double” a sentence will ordinarily ensure that, where the trial court acts pursuant to this authorization, a defendant will serve more time in prison under the enhanced sentence than he would have under the unenhanced sentence. Accordingly, the trial court here properly exercised its authority under § 7413(2), and defendant’s sentence is affirmed.
Weaver, Corrigan, Young, and Hathaway, JJ., concurred with MARKMAN, J.

 Possession of methamphetamine typically carries a maximum sentence of 10 years. MCL 333.7403(2)(b)(¿).

 MCL 333.7413(5) provides:
For purposes of [§ 7413(2)], an offense is considered a second or subsequent offense, if, before conviction of the offense, the offender has at any time been convicted under this article or under any statute of the United States or of any state relating to a narcotic drug, marihuana, depressant, stimulant, or hallucinogenic drug.
Defendant had been convicted of at least one prior drug-related offense.

 An indeterminate sentence is one the specific duration of which is “not fixed by the court but is left to the determination of penal authorities within minimum and maximum time limits fixed by the court.” Black’s Law Dictionary (5th ed).

 Article 4, § 45, of the Michigan Constitution provides that the “legislature may provide for indeterminate sentences as punishment for crime and for the detention and release of persons imprisoned or detained under such sentences.”

+ This presumes that the trial court would have sentenced defendant at the top of the minimum sentence guideline range just as it sentenced defendant at the top of the enhanced guideline range.

 Defendant would have had to serve no less than 23 months and no more than 10 years.

 See the results generated by a Lexis or Westlaw search with the following parameters: sentence! /s “term of”.

 We recognize that the statute does not require the trial court to double a defendant’s sentence; rather, it allows an enhancement up to “not more than twice” the original term. Merely for ease of discussion throughout this opinion, we assume that the trial court’s chosen enhancement is twice the original term.

 Because § 7413(2) specifically allows the court to double the guideline range, as long as the minimum sentence of the enhanced term is within the doubled range, we conclude that there is also no departure from the guideline range when such a sentence is imposed. See People v Williams, 268 Mich App at 430.

 As the Court of Appeals noted in People v Williams, 268 Mich App at 427, “the clear and unambiguous language of MCL 333.7413(2) does not differentiate or suggest a distinction... between maximum and minimum sentences!.]” Accordingly, nothing within the statute can fairly be read to support applying defendant’s suggested meaning of “term” to a maximum, but not a minimum, sentence.

 This is based on a minimum sentence at the top of the unenhanced guideline range and twice the statutory maximum sentence. Thus, pursuant to defendant’s argument, only the maximum sentence here is doubled.

 Admittedly, under Michigan’s indeterminate sentencing scheme, there is no way of knowing how much time a defendant would actually *727 have served under his original sentence. The only certainty is the “term otherwise authorized,” and logically the statute authorizes enhancing this known “term.”

 Section 18 refers to MCL 777.18, in which the Legislature expressly provided that the chapter of the Code of Criminal Procedure encompassing the sentencing guidelines applies to felonies under MCL 333.7413(2).

 Contrary to the dissent’s assertion that MCL 777.21(4) “does not provide dispositive support” for our interpretation, post at 739 n 6, this subsection actually does support our interpretation when considered specifically in the context of the sentencing guidelines and MCL 333.7413(2). See infra at 729-731.

 The dissent’s suggestion that MCL 777.21(4) “merely demonstrates that the Legislature intended minimum sentences for repeat drug offenders to be calculated under the sentencing guidelines,” post at 739 n 6, is untenable in light of the dissent’s interpretation that MCL 333.7413(2) only affects maximum sentences, and in light of the fact that the Legislature has already provided calculations for drug offenses under the sentencing guidelines.