Cavanagh, J.
(dissenting). I respectfully dissent because I remain committed to my dissent in People v Lowe, 484 Mich 718, 732-743; 773 NW2d 1 (2009) (Cavanagh, J., dissenting), and applying my Lowe dissent to this case renders the issue addressed by the majority irrelevant.
As I explained in Lowe, MCL 333.7413(2) does not permit a sentencing court to double a defendant’s minimum sentence range if that sentence range is determined under the sentencing guidelines. Rather, MCL 333.7413(2) only permits a sentencing court to double a penalty provided within the controlled substances act, MCL 333.7101 et seq. In my judgment, this is the proper interpretation of MCL 333.7413(2) because, to the extent possible, it construes the applicable statutes harmoniously and avoids a potential conflict with MCL 769.34(2), which mandates that all minimum *192 sentences fall within the range calculated under the sentencing guidelines, absent a properly justified departure. See Lowe, 484 Mich at 733-743 (Cavanagh, J., dissenting).
Because, under MCL 769.34(2), defendant’s minimum sentence range in this case must be determined under the sentencing guidelines, I would hold that defendant’s minimum sentence is not subject to enhancement under MCL 333.7413(2). Like that of the defendant in Lowe, defendant’s offense is listed in MCL 777.13m. As a result, MCL 769.34(2) applies and defendant’s minimum sentence must fall within the range calculated under the sentencing guidelines in chapter XVII of the Code of Criminal Procedure, MCL 777.1 through MCL 777.69. See Lowe, 484 Mich at 736-739 (Cavanagh, J., dissenting). To properly calculate defendant’s minimum sentence range under the guidelines, the prior record variables (PRVs) must be scored. Thus, in this case, the trial court was correct to score defendant’s PRVs. Further, the trial court properly applied MCL 333.7413(2) to double defendant’s maximum sentence because that portion of his sentence is determined by the controlled substances act. See Lowe, 484 Mich at 732 (Cavanagh, J., dissenting). The trial court erred, however, when it applied MCL 333.7413(2) to double defendant’s minimum guidelines range because the doubled minimum sentence range permitted the trial court to impose a sentence that exceeded the range calculated under the sentencing guidelines, contrary to MCL 769.34(2).[1]
*193 Finally, I also note that, under my Lowe dissent, defendant’s preferred scoring approach similarly could result in a sentence that impermissibly conflicts with MCL 769.34(2). If defendant’s PRVs are not scored (or are scored at zero points) and the resulting guidelines range is doubled, defendant’s minimum sentence could fall below the minimum range calculated under the sentencing guidelines.[2] Thus, if defendant’s preferred approach were applied, the resulting sentence could conflict with the requirement in MCL 769.34(2) that, absent a properly justified departure, all minimum sentences for the enumerated felonies must fall within the range calculated under the sentencing guidelines because the resulting sentence could be shorter than the applicable sentencing guidelines range.
Because the prosecution’s preferred approach to sentencing in this case, which the majority adopts, and defendant’s preferred approach could both result in sentences that are inconsistent with MCL 769.34(2), I would not apply either approach. Rather, I would reverse the judgment of the Court of Appeals and remand for resentencing consistent with my Lowe dissent.
Marilyn Kelly, J., concurred with Cavanagh, J.

 Defendant’s total PRV score is 60 points and his total OV score is 6 points. Thus, under the sentencing guidelines, defendant’s minimum sentence range is 5 to 23 months. But the trial court applied MCL 333.7413(2) to double defendant’s minimum sentence range to 10 to 46 months. Furthermore, in setting defendant’s minimum sentence at 46 months, the trial court in this case expressly stated that the sentence was *193 not a sentencing guidelines departure when, in fact, the sentence exceeded the properly calculated minimum sentence range under the guidelines.

 As previously explained, defendant’s minimum sentence range under the guidelines is 5 to 23 months. If defendant’s PRVs were scored at zero points, his minimum sentence range would be reduced to zero to 6 months and, when doubled under MCL 333.7413(2), his minimum sentence range would become zero to 12 months, which is substantially lower than the 5- to 23-month range calculated under the guidelines.