# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JEFFREY ALLEN PATTON,

Defendant-Appellant.

UNPUBLISHED
January 27, 2015

No. 317041
Berrien Circuit Court
LC No. 2012-000455-FH

Before: M. J. KELLY, P.J., and BECKERING and SHAPIRO, JJ.

PER CURIAM.

Defendant, Jeffrey Allen Patton, appeals by leave granted his convictions for two counts of furnishing contraband to a prisoner, MCL 801.263(1), and delivery of a controlled substance, MCL 333.7401(2)(b)(*ii*). The trial court sentenced defendant to 42 months to 14 years' imprisonment on the delivery of a controlled substance conviction, and to concurrent terms of 80 days for both of his convictions for furnishing contraband to a prisoner. We affirm, but remand for the ministerial task of amending the judgment of sentence.

Defendant pleaded guilty to his delivery of a controlled substance charge, MCL 333.7401(2)(b)(*ii*), and as part of the plea deal, he agreed to be sentenced as a second-offense drug offender pursuant to MCL 333.7413(2). In January 2013, the trial court sentenced defendant to a minimum of 42 months' imprisonment after it enhanced defendant's minimum sentence range under the legislative guidelines pursuant to MCL 333.7413(2). Over defendant's objection, the trial court doubled both the low end and high end of the minimum sentence range, resulting in a new range of 28 to 58 months from the original range of 14 to 29 months. Defendant now appeals.

Defendant first argues that the trial court erroneously doubled both ends of the minimum sentence range. He contends that the trial court was permitted to double the upper limit of the recommended minimum guidelines range—from 29 months to 58 months, but argues that the trial court was not permitted to double the lower limit of the recommended minimum guidelines range—from 14 months to 28 months. He contends that the recommended minimum guidelines range, after enhancement pursuant to MCL 333.7413(2), should have been 14 to 58 months' imprisonment. We review de novo questions of law pertaining to interpretation of the statutory sentencing guidelines. *People v Steele*, 283 Mich App 472, 490; 769 NW2d 256 (2009).

"MCL 333.7413(2) provides for enhanced sentencing for defendants convicted of a

-1-

second or subsequent controlled substance offense[,]" *People v Lowe*, 484 Mich 718, 720-721; 773 NW2d 1 (2009), and states as follows:

> "Except as otherwise provided in subsections (1) and (3), an individual convicted of a second or subsequent offense under this article may be imprisoned for a term not more than twice the term otherwise authorized or fined an amount not more than twice that otherwise authorized, or both."

This enhancement permits a trial court to double[1] the maximum sentence for the underlying offense *and* the minimum sentence, i.e., "the term otherwise authorized," which includes the authority to double both the low and high ends of the minimum sentence range. *People v Williams*, 268 Mich App 416, 430-431; 707 NW2d 624 (2005) ("Here, the minimum sentence of 38 months fell within the range as permissibly increased by MCL 333.7413(2), i.e., 10 to 46 months from the original range of 5 to 23 months."). See also *Lowe*, 484 Mich at 724 n 9 (recognizing that "§ 7413(2) specifically allows the [trial] court to double the guideline range[.]"). Here, the trial court doubled both ends of the minimum sentence range, resulting in a new minimum sentence range of 28 to 58 months from the unenhanced range of 14 to 29 months. This was proper under *Williams*, 268 Mich App at 426-431.

Defendant argues that this Court in *Williams* "assumed" that MCL 333.7413(2) allowed a trial court to double the upper and lower end of the minimum guidelines range. Defendant contends that this "assumption" is non-binding dicta. "Obiter dicta are not binding precedent. Instead, they are statements that are unnecessary to determine the case at hand and, thus, lack the force of an adjudication." *People v Peltola*, 489 Mich 174, 190 n 32; 803 NW2d 140 (2011) (citation and quotation omitted). In *Williams*, 268 Mich App at 424, the defendant was sentenced to 38 months' imprisonment after the trial court doubled both ends of the defendant's minimum sentence range pursuant to MCL 333.7413(2) from 5 to 23 months to 10 to 46 months. On appeal, the defendant argued that the trial court operated under the "incorrect assumption" that the "guidelines range with respect to the minimum sentence would be doubled" under MCL 333.7413(2). *Id.* This Court expressly held that the trial court permissibly increased *both* ends of the recommended minimum guidelines range. *Id.* at 430-431 ("Here, the minimum sentence of 38 months fell within the range as permissibly increased by MCL 333.7413 (2), i.e., 10 to 46 months from the original range of 5 to 23 months."). Therefore, the Court in *Williams* did not merely "assume" that both ends of the range would increase from 5 to 23 months to 10 to 46 months; rather, it expressly decided the issue. Defendant's characterization of that holding as dicta is inaccurate.[2]

---

[1] We note that the statute grants the court discretion to enhance the term of imprisonment to "not more than twice the term otherwise authorized . . . ." MCL 333.7413(2). Thus, when exercising its discretion to enhance a defendant's sentence, a court need not double the term. See *Lowe*, 484 Mich at 724 n 8. Here, where the court's chosen enhancement was to double the term otherwise authorized, we use the term "double" for ease of discussion.

[2] To the extent defendant argues that *Williams* was incorrectly decided, we note that *Williams* is binding on this Court. MCR 7.215(J)(1).

Next, defendant argues that the trial court erred in sentencing him because it mistakenly thought that it was required to double both ends of the minimum sentence range. A defendant is entitled to resentencing when a trial court is under the mistaken belief that a sentence enhancement is mandatory and not discretionary. See *People v Mauch*, 23 Mich App 723, 730-731; 179 NW2d 184 (1970). Here, in sentencing defendant, the trial court explicitly recognized that it had the discretion to double both the minimum and maximum of the guidelines range. The record does not support defendant's argument that the trial court mistakenly thought that enhancement was mandatory. Because the trial court permissibly doubled both ends of the minimum sentence range after recognizing that it had the discretion to do so, and because defendant's minimum sentence fell within that range, we find no error regarding defendant's sentence. *Williams*, 268 Mich App at 431.[3]

Lastly, in this regard, defendant asserts that the low end of the minimum sentence range cannot be doubled based upon a reading of the habitual offender statutes, because in those statutes, only the top end of the minimum sentence range is enhanced. See MCL 777.21(3). Our Supreme Court rejected a similar argument in *Lowe*. In *Lowe*, 484 Mich at 727-728, the Court noted that the manner in which a sentence enhancement is calculated under Michigan's habitual offender statutes has no bearing on the manner in which an enhancement is calculated under MCL 333.7413(2) because the two statutes are separate statutes that enhance sentences in different situations using different calculations. Thus, defendant's comparison to the enhancement provided for in MCL 777.21(3) is unavailing, and we find it does not affect the trial court's ability to enhance a defendant's minimum guidelines range under MCL 333.7413(2). This is in accord with our Supreme Court's reasoning in *Lowe* that where the Legislature authorized a defendant to serve an enhanced "term" under MCL 333.7413(2), such an intent "is most reasonably understood to communicate that the defendant should, in fact, serve *more* time—indeed as a general matter, approximately 'twice' as much time—for his enhanced term than for his unenhanced term." *Id.* at 726.

Defendant next argues that the trial court erred when it ordered him to pay a crime victim's assessment fee of $150. The prosecution concedes error, and we agree. Under MCL 780.905(1)(a), a defendant may be ordered to pay a crime victim's assessment fee of $130 if his conviction resulted from a felony. Defendant was convicted of delivery of a controlled substance, a felony. MCL 333.7401(2)(b)(*ii*). Thus, the trial court was authorized to assess a crime victims' rights fee of $130. MCL 780.905(1)(a). However, the trial court improperly imposed a crime victim's assessment fee of $150, which is $20 greater than the amount

---

[3] Consistent with the plain language of the statute, we emphasize the discretion afforded to the trial court under MCL 333.7413(2). Not only is the enhancement itself discretionary, but the amount of that enhancement is discretionary as well. Indeed, MCL 333.7413(2) provides that, where the enhancement applies, the defendant "*may* be imprisoned for a term *not more than twice the term* otherwise authorized . . . ." (Emphasis added). Here, contrary to defendant's assertions, the trial court properly exercised its discretion—both in enhancing the sentence in the first place and in selecting the amount of the enhancement.

authorized by statute.  Therefore, we remand for the ministerial task of correcting the judgment of sentence.

We affirm, but remand for correction of the judgment of sentence in accordance with this opinion.  We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Jane M. Beckering
/s/ Douglas B. Shapiro