<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>
File Name: 17a0127n.06

Case No. 16-1728

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
Feb 24, 2017
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| PAUL TORRES, | ) |
| | ) |
|     Petitioner-Appellant, | ) |
| | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR |
| | ) THE EASTERN DISTRICT OF |
| CATHERINE S. BAUMAN, Warden, | ) MICHIGAN |
| | ) |
|     Respondent-Appellee. | ) |
| | ) |
| | ) |

BEFORE: BOGGS, SILER, and MOORE, Circuit Judges.

**SILER**, Circuit Judge. Paul Torres appeals the denial of his habeas petition. In state-collateral proceedings, Torres's claim of ineffective assistance of counsel during plea bargaining was denied. It is agreed by the parties that the grounds for this rejection were erroneous. For the reasons set forth below, we **REVERSE** and **REMAND** so that the district court can consider Torres's claim.

**FACTUAL AND PROCEDURAL BACKGROUND**

Torres was convicted by a Michigan jury of two counts of delivery of less than fifty grams of cocaine, Mich. Comp. Laws § 333.7401(2)(a)(iv), one count of possession with intent to deliver less than fifty grams of cocaine, *id.*, and one count of maintaining a drug house, Mich. Comp. Laws § 333.7405(d). Under the relevant state sentencing guidelines, the recommended

sentence on each of the delivery and possession charges was a term of ten to twenty-three months, but since those convictions were classified as "second or subsequent" drug offenses the trial court had discretion to impose a sentence up to double the guidelines range, Mich. Comp. Laws § 333.7413(2); *People v. Lowe*, 773 N.W.2d 1, 8 (Mich. 2009), and discretion to impose those sentences consecutively, Mich. Comp. Laws § 333.7401(3); *People v. Davenport*, 522 N.W.2d 339, 340-41 (Mich. Ct. App. 1994) (per curiam). The trial court imposed three forty-six month sentences to be served consecutively for a total of 138 months for the delivery and possession charges and a concurrent sentence of two months for maintaining a drug house.

On direct appeal, Torres raised a series of claims including ineffective assistance of counsel at trial, but he did not raise the claim of ineffective assistance of counsel during plea bargaining. The Michigan Court of Appeals denied all his claims. Torres then was denied leave to appeal from the Michigan Supreme Court because that court was "not persuaded that the questions presented should be reviewed." *People v. Torres*, 804 N.W.2d 562 (Mich. 2011).

Torres next sought collateral relief in state court. In those proceedings, Torres raised for the first time the claim at issue before us—ineffective assistance of counsel during plea bargaining negotiations. In a supporting affidavit, Torres averred that his trial attorney advised him that if convicted at trial his sentences would run concurrently such that he would face the same sentence from a guilty plea as he would if convicted at trial. Torres also claimed that appellate counsel was ineffective for failing to raise the claim on direct appeal and for failing to consult with him before preparing the appellate brief. The state trial court denied the motion and rejected the ineffective-assistance claim at issue in this appeal on the ground that the claim had already been rejected when Torres claimed ineffective assistance of counsel at trial on direct appeal.

Torres sought leave to appeal to the Michigan Court of Appeals raising the same claims and arguing that the trial court erred in basing its holding on the premise that the issues presented in his motion were already considered in direct appeal. Torres's application was denied for failing to meet the burden of establishing entitlement to relief under MCR 6.508(D). The Michigan Supreme Court denied permission to appeal.

Torres then filed the instant federal habeas petition raising only his claim of ineffective assistance of counsel during plea-bargaining negotiations. The district court denied the petition. The district court concluded that under *Harrington v. Richter*, 562 U.S. 86 (2011), it was required to determine what arguments could have supported the state court decision and whether those hypothetical arguments were inconsistent with holdings of the Supreme Court. It decided that because a fair-minded jurist could conclude that Torres's affidavit was not credible, the state court's rejection of the claim was not unreasonable and Torres was therefore not entitled to relief. The district court believed that despite its desire to expand the record, *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011), precluded it from admitting additional evidence unless 28 U.S.C. § 2254(d) was satisfied (requiring a decision that was contrary to or involved an unreasonable application of clearly established law as determined by the Supreme Court).

**STANDARD OF REVIEW**

When considering an appeal from a district court's ruling on a habeas corpus petition, we review legal issues de novo and review factual findings for clear error. *Armstrong v. Morgan,* 372 F.3d 778, 781 (6th Cir. 2004).

## DISCUSSION

### A. Application of 28 U.S.C. § 2254(d)

Torres argues, and the State concedes, that Torres's claim of ineffective assistance of counsel during plea bargaining was never adjudicated on the merits by a state court as required for deference under 28 U.S.C. § 2254(d). Therefore, the district court should not have applied deference to the state court decision denying Torres's claim.

### B. Consideration of Other Rationales not Considered by the State Court

Although deference under 28 U.S.C. § 2254(d) should not apply, the State argues that Torres's claim that the district court erred by seeking out other arguments that could have supported the state courts' decisions is merely hypothetical since resolution of this issue will not resolve the appeal. The State is correct in this argument as "[f]ederal courts may not decide questions that cannot affect the rights of litigants before them or give opinions advising what the law would be upon a hypothetical state of facts." *Chafin v. Chafin*, 133 S. Ct. 1017, 1023 (2013) (internal quotation marks and citations omitted). Since the district court erred by employing deference under the 28 U.S.C. § 2254(d) framework, it is unnecessary to analyze the application of that framework.

### C. Should this Court Nonetheless Affirm the Denial of Torres's Petition?

The State presses an argument that even though the district court improperly applied deference to the state courts, we should nonetheless affirm the district court's decision based on the alleged implausibility of Torres's affidavit. However, the district court found that, if it did not feel bound by the standard of 28 U.S.C. § 2254(d), it would like to expand the record as "[i]t would be helpful to have trial counsel's side of the story as well as the prosecutor's take." There

4

is no need for us to assess for the first time whether the record should be expanded or relief is warranted.

For the foregoing reasons, the judgment of the district court is **REVERSED** and the case is **REMANDED** to allow consideration of Torres's claim of ineffective assistance of counsel during plea bargaining without application of the deferential framework imposed by 28 U.S.C. § 2254(d).