# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
November 14, 2019

v

No. 341825
Jackson Circuit Court
LC No. 15-005438-FH

KEITH LAVONNE MCLEAIN,

        Defendant-Appellant.

Before: O'BRIEN, P.J., and GADOLA and REDFORD, JJ.

PER CURIAM.

Defendant, Keith Lavonne McLeain, appeals by leave granted his sentence for his conviction of delivery of a controlled substance less than 50 grams, MCL 333.7401(2)(a)(*iv*).[1] The trial court sentenced defendant to 68 to 480 months' imprisonment as a second or subsequent offender under MCL 333.7413(2), as amended by 1988 PA 144[2], and as a third habitual offender under MCL 769.11. For the reasons stated in this opinion, we remand for resentencing.

## I. FACTS

Defendant pleaded guilty to selling $^1/_{10}$ gram of heroin to a confidential informant. Under the sentencing guidelines, defendant was subject to 0 to 17 months' imprisonment. However, the trial court stated at the plea hearing that because of a 2007 drug-related conviction, defendant was subject to a double minimum and a double maximum enhanced sentence under MCL

---

[1] A panel of this Court denied defendant's delayed application for lack of merit. *People v McLeain*, unpublished order of the Court of Appeals, entered February 8, 2018 (Docket No. 341825). Defendant then filed an application for leave to the Supreme Court, and the Court remanded this case as leave granted to this Court. *People v McLeain*, 503 Mich 876 (2018).

[2] Since defendant was sentenced, MCL 333.7413 has been amended by 2017 PA 266. The substantive content of MCL 333.7413(2) is now contained in MCL 333.7413(1). In this opinion, any textual reference to MCL 333.7413 is referring to the former MCL 333.7413.

333.7413(2).[3] Both defense counsel and the trial court clarified that defendant's sentence could be doubled to a minimum sentence of 0 to 34 months' imprisonment. At defendant's sentencing hearing, the trial court asked the parties whether there were any changes to the sentencing guidelines and whether the minimum sentence for the "drug charge" was still 0 to 34 months' imprisonment. Defense counsel affirmed that it was, and the prosecution did not object. Following this discussion, the trial court sentenced defendant to 68 to 480 months' imprisonment without explanation for the upward departure of defendant's minimum sentence.

Defendant argues that the trial court misapplied MCL 333.7413(2) and erred by sentencing him to a minimum 68 months' imprisonment. We agree.

## II. STANDARD OF REVIEW

A preserved challenge to the application of an enhancement statute is reviewed de novo. *People v Washington*, 501 Mich 342, 352; 916 NW2d 477 (2018). However, when a defendant fails to preserve the issue for appeal, this Court reviews the defendant's challenge to his or her sentence for "plain error affecting substantial rights." *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). Defendant failed to preserve his challenge for appeal, so this Court reviews this issue for plain error.

Under plain-error review, a defendant must meet three requirements to be entitled to relief: "1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). Even if a defendant satisfies the three requirements, "[r]eversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings . . . ." *Id*. (quotation marks and citations omitted; second alteration in original).

## III. ANALYSIS

MCL 333.7401(2)(a)(*iv*) states that a person who delivers "an amount less than 50 grams, of any mixture containing that substance is guilty of felony punishable by imprisonment for not more than 20 years or a fine of not more than $250,000.00, or both." At the time defendant was sentenced, MCL 333.7413(2) provided that "an individual convicted of a second or subsequent offense under this article may be imprisoned for a term not more than twice the term otherwise authorized or fined an amount not more than twice that otherwise authorized, or both." Thus,

---

[3] Defendant was charged as a third-offense habitual offender under MCL 769.11 and a double-drug offender under MCL 333.7413(2). However, at the plea hearing, both parties noted that the trial court could only enhance defendant's sentence under one of the statutes. See *People v Fetterley*, 229 Mich App 511, 540; 583 NW2d 199 (1998) ("Where a defendant is subject to sentence enhancement under the controlled substance provisions, the sentence may not be doubly enhanced under the habitual offender provisions."). The trial court stated that it would enhance defendant's sentence under MCL 333.7413(2), but defendant's Judgment of Sentence includes both MCL 333.7413(2) and MCL 769.11.

MCL 333.7413 allows the trial court to double a second or subsequent offense drug-offender's minimum sentence under the sentencing guidelines. See *People v Lowe*, 484 Mich 718, 731-732; 773 NW2d 1 (2009).

Trial courts determine a defendant's minimum sentence using the Michigan Sentencing Guidelines. See *People v Babcock*, 469 Mich 247, 253-254; 666 NW2d 231 (2003). The trial court here assessed defendant's Prior Record Variable (PRV) score at 40 points, which placed defendant at PRV Level D. The trial court assessed zero points for defendant's Offense Variable (OV), which placed defendant at OV Level I. Delivery of a controlled substance less than 50 grams under MCL 333.7401(2)(a)(*iv*) is a Class D felony. MCL 777.13m. A PRV Level D and an OV Level I for a Class D felony results in a recommended minimum sentence range of 0 to 17 months' imprisonment. MCL 777.65.

At defendant's plea hearing, the trial court and the parties agreed that defendant was subject to a minimum range of 0 to 34 months' imprisonment because of MCL 333.7413(2). The Presentence Investigation Report (PSIR) stated that defendant's recommended minimum sentence under the guidelines was 0 to 34 months' imprisonment, and before the trial court sentenced defendant, the trial court confirmed that defendant was subject to a minimum sentence of 0 to 34 months' imprisonment. However, the trial court ultimately sentenced defendant to a minimum of 68 months' imprisonment without explanation.

Both parties agree that this Court should remand this case. Defendant argues that he is entitled to resentencing because the trial court improperly applied the sentence enhancement provisions under MCL 333.7413(2) and plainly erred by sentencing defendant to 68 months' imprisonment. The prosecution agrees that this Court should remand this case to the sentencing court, but it argues that the trial court should explain its sentence because it is unclear whether the trial court was attempting to sentence defendant within the guidelines. The Michigan Supreme Court ordered this Court to consider "whether the trial court properly applied MCL 333.7413(1). See *People v Lowe*, 484 Mich 718 (2009)."[4] *McLeain*, 503 Mich at 876.

Pursuant to *Lowe*, the trial court was permitted to double defendant's minimum sentence. *Lowe*, 484 Mich at 731-732 ("MCL 333.7413(2) authorizes trial court[s] to double both the minimum and maximum sentences . . . ."). The trial court told defendant, and the PSIR stated, that defendant was subject to a minimum sentence of 0 to 34 months' imprisonment, which was double defendant's minimum sentence under the guidelines. However, when it sentenced defendant, the trial court quadrupled defendant's original minimum range from 17 months' to 68 months' imprisonment. The trial court did not acknowledge that its minimum sentence exceeded the guidelines range by 34 months or explain its reasoning for the upward departure. Therefore, the trial court committed a plain error affecting defendant's substantial rights, requiring remand for resentencing.

---

[4] The Supreme Court recognized that MCL 333.7413 was amended, which is why it requested that this Court analyze this case under MCL 333.7413(1) instead of MCL 333.7413(2).

Despite this, the prosecution argues that resentencing is not necessary because it is possible that the trial court was using its discretion to sentence defendant outside the sentencing guidelines. However, if the trial court does not "provide adequate reasons for the extent of the departure sentence imposed, [this Court] must remand to the trial court *for resentencing*." *People v Steanhouse*, 500 Mich 453, 476; 902 NW2d 327 (2017) (emphasis added). Thus, even accepting the prosecution's argument as true, this case must be remanded to the trial court for resentencing.

As stated, both parties agree that this case should be remanded to the lower court. The trial court plainly erred when it sentenced defendant to a minimum sentence that doubled his enhanced minimum sentence, and failed to explain why. This error affected defendant's substantial rights; therefore, resentencing is required. *Id*.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Michael F. Gadola
/s/ James Robert Redford