# Order

Michigan Supreme Court
Lansing, Michigan

July 2, 2021

162023

Bridget M. McCormack,
Chief Justice

Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
           Plaintiff-Appellee,

v

JONI MARIE KUIECK,
           Defendant-Appellant.

SC: 162023
COA: 348246
Allegan CC: 17-021047-FH

_____/

On order of the Court, the application for leave to appeal the September 3, 2020 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

CAVANAGH, J. (*concurring*). I concur in the order denying leave to appeal but write separately to address the application of MCL 333.7413. The sentencing court exercised its discretion under MCL 333.7413 to double defendant's sentence. As discussed by Judge SHAPIRO in a partial dissent, the sentencing court gave scant justification for the decision. *People v Kuieck*, unpublished per curiam opinion of the Court of Appeals, issued September 3, 2020 (Docket No. 348246) (SHAPIRO, J., concurring in part and dissenting in part). Judge SHAPIRO opined that the rationale of *People v Norfleet*, 317 Mich App 649 (2016)—that a sentencing court's decision to impose a discretionary consecutive sentence must be articulated on the record to facilitate appellate review—also applies in the context of MCL 333.7412 and that defendant was entitled to resentencing. While the point may have merit, given that defendant has not raised this issue before this Court, I concur with the order denying leave to appeal.

In *Norfleet*, the Court of Appeals highlighted the principle that sentences " 'imposed by the trial court . . . [should] be proportionate to the seriousness of the circumstances surrounding the offense and the offender.' " *Id*. at 662-663, quoting *People v Milbourn*, 435 Mich 630, 636 (1990). To ensure compliance with the principle of proportionality, "discretionary sentencing decisions are subject to review by the appellate courts to ensure that the exercise of that discretion has not been abused." *Norfleet*, 317 Mich App at 663, citing *Milbourn*, 435 Mich at 662, 664-665. *Norfleet*

reasoned that for an appellate court to effectively review a sentencing decision, the trial court must "set forth the reasons underlying its decision." *Norfleet*, 317 Mich App at 664.

Because defendant had a previous controlled-substance conviction, she was subject to MCL 333.7413, which "authorizes the trial court to double both the minimum and maximum sentences . . . ." *People v Lowe*, 484 Mich 718, 731-732 (2009). The statute states that "an individual convicted of a second or subsequent [drug-related] offense under this article *may* be imprisoned for a term not more than twice the term otherwise authorized . . . ." MCL 333.7413(1) (emphasis added). Therefore, a defendant's prior drug-related conviction allows, but does not require, a trial judge to double a sentence, leaving the decision to the sentencing judge's discretion. As with discretionary consecutive sentences, the principle of proportionality suggests that this sentencing decision should be reviewed for an abuse of discretion. *Norfleet*, 317 Mich App at 663. If that were so, continuing the logic of *Norfleet*, the sentencing court would be required to set out the reasons for its decision to impose a double sentence. *Id*. at 664. The trial court would need to go beyond simply stating that a defendant has a prior drug-related conviction. Prior drug-related convictions vest the sentencing court with the discretion to impose a double sentence, but the rationale for doing so would need to be specific to the "seriousness of the circumstances surrounding the offense and the offender." *Milbourn*, 435 Mich at 636. However, defendant has not raised this issue in this Court. Accordingly, I concur in this Court's order denying leave to appeal.

WELCH, J., joins the statement of CAVANAGH, J.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

July 2, 2021



Clerk

p0629