*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

LEVON FORREST DUKE,

        Defendant-Appellant.

UNPUBLISHED
December 21, 2023

No. 361705
Newaygo Circuit Court
LC No. 2020-012602-FH

Before: REDFORD, P.J., and SHAPIRO and YATES, JJ.

SHAPIRO, J. (*concurring*).

I fully concur in the majority opinion. I write separately in light of my view that, consistent with prior caselaw regarding consecutive sentences, trial courts should be required to articulate reasons on the record for applying the sentencing enhancement under MCL 333.7413(1).

MCL 333.7413(1) provides, in relevant part, that "an individual convicted of a second or subsequent offense under this article may be imprisoned for a term not more than twice the term otherwise authorized or fined an amount not more than twice that otherwise authorized, or both." This sentencing enhancement provision authorizes, but does not require, the trial court to "double" both the minimum and maximum sentences. *People v Lowe*, 484 Mich 718, 731-732; 773 NW2d 1 (2009).

In *People v Norfleet*, 317 Mich App 649, 664-666; 897 NW2d 195 (2016), we held that that, in cases where the trial court has statutory discretion to impose a consecutive sentence and chooses to exercise that discretion, appellate review is for an abuse of discretion and the court must provide "particularized reasons" supporting that decision with references to the specific offenses and the defendant. In short, *Norfleet* reasoned that, under *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990), appellate review of discretionary sentencing decisions is necessary to ensure that the trial court complied with the principle of proportionality, which requires that sentences be proportionate to the seriousness of the circumstances surrounding the offense and the offender. *Norfleet*, 317 Mich App at 662-663. Further, because "[r]eview of a discretionary decision requires that the trial court set forth the reasons underlying its decision," a trial court's decision to impose consecutive sentencing "must be separately justified on the record." *Id*. at 665.

Defendant argues that, like consecutive sentencing, a trial court's decision whether to impose the sentencing enhancement under MCL 333.7413(1) is a discretionary decision that should be supported by a sufficient articulation of the particular offense and offender that justifies the enhancement. In a different case, I agreed with that position in a partial dissenting opinion, concluding that "[t]he rationale on which [*Norfleet*] rested is equally applicable to the discretionary doubling of sentences for a second drug conviction."[1] *People v Kuieck*, unpublished per curiam opinion of the Court of Appeals, issued September 3, 2020 (Docket No. 348246), unpub op at 2 (SHAPIRO, P.J., concurring in par, dissenting in part). The Supreme Court denied leave to appeal, although two justices, while agreeing that the issue had not been properly preserved, expressed agreement with extending *Norfleet*'s holding to a trial court's decision to enhance a sentence under MCL 333.7413(1). See *People v Kuieck*, 507 Mich 1002, 1002-1003 (2021) (CAVANAGH, J., concurring).

I can discern no principled basis for not applying this Court's analysis in *Norfleet* to the issue presented in this case.[2] Like consecutive sentencing, a trial court's decision whether to impose the sentencing enhancement under MCL 333.7413(1) is a discretionary decision, which should be reviewed for an abuse of discretion. Further, sentences must comply with the principle of proportionality, i.e., they must be tailored to the circumstances of each case and offender. To ensure that the trial court does not abuse its discretion in applying that principle, it should be required to state reasons why the sentencing enhancement results in a sentence proportional to that particular offense and offender. In this case, the trial court failed to do so, merely stating that it was exercising its discretion to double the advisory sentencing guidelines and maximum penalty.

I agree with the majority that it is not necessary for this Court to resolve this issue in this case because any error in the application of MCL 333.7413(1) was harmless. However, in a proper case, I urge either this Court or the Supreme Court to hold that a trial court must articulate particularized reasons for imposing the sentencing enhancement under MCL 333.7413(1).

/s/ Douglas B. Shapiro

---

[1] The majority did not address whether *Norfleet* should be extended to MCL 333.7413(1), concluding that the defendant did not raise this issue and that the trial court sufficiently explained its sentencing decision. *Kuieck*, unpub op at 9-10. In any event, *Kueick* is a nonbinding unpublished opinion, *People v Roy*, ___ Mich App ___, ___ n 2; ___ NW2d ___ (2023) (Docket No. 359894); slip op at 4 n 2, and this remains an open issue.

[2] Indeed, the prosecution makes no substantive argument against applying *Norfleet* to MCL 333.7413(1).