*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ANTOINE WILLIE-LEZELL MYERS,

Defendant-Appellant.

UNPUBLISHED
January 30, 2026
10:08 AM

No. 362506
Berrien Circuit Court
LC No. 2021-003480-FH

ON REMAND

Before: MURRAY, P.J., and BORRELLO and MARIANI, JJ.

MURRAY, P.J. (*dissenting*).

I respectfully dissent, as the trial court adequately explained why it was doubling the guidelines for defendant's sentences under MCL 333.7413(1) on drug-based convictions as required by *People v Hines*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 363151). And, in answering the Supreme Court's question on remand, *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), does not preclude application of this statutory provision to defendant's situation, as the statute was determined to apply to defendant's crimes because he *admitted* he had a prior qualifying offense. *Hines*, as I read it, came to the same conclusion, but also held that *Lockridge* eliminated any mandatory nature of the statute, and that any "doubling" of a guideline was subject to a particularization requirement under proportionality principles. Application of *Hines* does not require vacating defendant's sentences.

The *Lockridge* Court held that the sentencing guidelines violated the Sixth Amendment's fundamental right to a jury trial to the extent that the guidelines required "judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables (OVs) that *mandatorily* increase the floor of the guidelines minimum sentence range, i.e., the 'mandatory minimum' sentence . . . ." *Lockridge*, 498 Mich at 364 (emphasis added). Consequently, the guidelines were deemed advisory and the Court struck down the statutory requirement that a departure be supported by a substantial and compelling reason. *Id*. at 364-365, 391-392. Here, there is no *Lockridge* or Sixth Amendment problem, as defendant admitted that he had at least one prior conviction that brought into play the legislative policy decision contained in MCL

-1-

333.7413(1).  In other words, the trial court committed no constitutional violation when it used defendant's admission of a fact-his prior conviction-to invoke the "doubling" sentencing provision under this statutory subsection.

As I read *Hines*, after *Lockridge* a court can still exercise the discretion under MCL 333.7413(1) to enhance a sentence by twice the amount, so long as the minimum sentence is no more than ⅔ of the new statutory maximum, see MCL 769.34(2)(b), and the trial court adequately explains its reasons for doubling a defendant's statutory minimum and maximum sentence.  *Hines*, ___ Mich App at ___, ___; slip op at 14-15, 20.  See also *People v Lowe*, 484 Mich 718, 731-732; 773 NW2d 1 (2009) (holding "that MCL 333.7413(2) authorizes the trial court to double both the minimum and maximum sentences in order to double [a] defendant's 'term otherwise authorized' ").

Here, the prosecution requested that the trial court double defendant's sentencing guidelines ranges for his four drug-related convictions based on his prior conviction for possession of marijuana and the evidence presented at trial, which included evidence that defendant possessed a large amount of methamphetamine and weapons, which suggested that defendant was engaged in wholesale drug trafficking.  The trial court agreed, stating that "because of the prior conviction and based upon everything I've read on his history and what I saw in the course of the trial I think it's appropriate to double the guideline range."  This was not an abuse of discretion, *People v Fetterley*, 229 Mich App 511, 525; 583 NW2d 199 (1998), as defendant admitted to the qualifying crime, and the evidence used to convict defendant showed defendant possessed a large amount of methamphetamine, cutting agents, and other drug-related product revealing that defendant engaged in large-scale narcotics trafficking.  The trial court repeatedly referenced these facts, and how what defendant was convicted of caused serious harm to the community.  With this fact-based explanation, the court's exercise of discretion under MCL 333.7413(1) was not outside the range of principled outcomes.  I would affirm defendant's sentences.

/s/ Christopher M. Murray