**Lansing, Michigan**

# Opinion

Chief Justice:            Justices:
Robert P. Young, Jr.      Michael F. Cavanagh
                          Marilyn Kelly
                          Stephen J. Markman
                          Diane M. Hathaway
                          Mary Beth Kelly
                          Brian K. Zahra

FILED JUNE 14, 2011

STATE OF MICHIGAN

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v                                No. 140524

DREW JAMES PELTOLA,

      Defendant-Appellant.

BEFORE THE ENTIRE BENCH

ZAHRA, J.

This case presents the question whether scoring prior record variables (PRVs) when calculating a defendant's recommended minimum sentence range under the statutory sentencing guidelines is improper when a defendant's minimum and maximum sentences may be enhanced pursuant to MCL 333.7413(2). The sentence enhancement in MCL 333.7413(2) falls under the purview of MCL 777.21(4), and, therefore, the answer necessarily turns on the language of MCL 777.21, which sets forth the instructions for calculating a defendant's minimum sentence range. Reading all the provisions of this

statute together, and thus giving effect to the Legislature's stated intent, we hold that MCL 777.21 requires the scoring of the PRVs when MCL 333.7413(2) is applicable. Accordingly, we affirm defendant's sentences.

## I. FACTS AND PROCEDURAL HISTORY

A jury convicted defendant of delivery of less than 50 grams of heroin[1] and conspiracy to deliver less than 50 grams of heroin.[2] The trial court scored the PRVs and the relevant offense variables (OVs), calculating defendant's minimum sentence range at 5 to 23 months in prison with a statutory maximum of 20 years. Because defendant had a prior conviction for a controlled substance offense, the trial court applied the sentence enhancement in MCL 333.7413(2).[3] The trial court doubled both the minimum and maximum sentences for each conviction and sentenced defendant within the enhanced guidelines range to concurrent terms of 46 months to 40 years' imprisonment.

Defendant appealed as of right his convictions and sentences, which the Court of Appeals affirmed in an unpublished opinion per curiam.[4] In particular, defendant challenged the enhancement of his minimum sentences under MCL 333.7413(2). While defendant's appeal was pending in the Court of Appeals, we issued *People v Lowe*, 484

---

[1] MCL 333.7401(2)(a)(*iv*).

[2] MCL 750.157a.

[3] MCL 333.7413(2) states, "Except as otherwise provided in subsections (1) and (3), an individual convicted of a second or subsequent offense under this article may be imprisoned for a term not more than twice the term otherwise authorized or fined an amount not more than twice that otherwise authorized, or both."

[4] *People v Peltola*, unpublished opinion per curiam of the Court of Appeals, issued October 20, 2009 (Docket No. 288578).

Mich 718; 773 NW2d 1 (2009), holding that when MCL 333.7413(2) is applicable, it authorizes a court to enhance both a defendant's minimum and maximum sentences. Relying on *Lowe*, the Court of Appeals rejected defendant's challenge to his sentences.

Defendant subsequently moved for reconsideration, recognizing the holding in *Lowe*, but arguing that additional language from *Lowe* indicated that PRVs should not be scored if a defendant's sentence may be enhanced under MCL 333.7413(2). The Court of Appeals denied defendant's motion for reconsideration without further comment.[5]

Defendant sought leave to appeal in this Court through counsel in the State Appellate Defender Office (SADO) and by filing a separate application *in propria persona*. We directed the prosecuting attorney to answer the application for leave filed by SADO on defendant's behalf.[6] After receiving the prosecutor's answer, we denied the application that had been filed *in propria persona*.[7] With respect to the application filed by SADO, we scheduled oral argument, instructing the parties to address whether the scoring of PRVs is improper when a defendant's minimum and maximum sentences may be doubled pursuant to MCL 333.7413(2).[8]

---

[5] *People v Peltola*, unpublished order of the Court of Appeals, entered December 14, 2009 (Docket No. 288578).

[6] We directed the prosecutor to specifically address the argument that *Lowe*, 484 Mich 718, precludes the scoring of the PRVs in this case.

[7] *People v Peltola*, 488 Mich 876 (2010).

[8] *Id*.

3

## II. STANDARD OF REVIEW

We review questions of statutory interpretation de novo.[9]

## III. ANALYSIS

The question here is whether the Legislature intended that a court score the PRVs when calculating the minimum sentence range for an offender whose sentence may be enhanced under MCL 333.7413(2).[10] MCL 777.21, which instructs on the calculation of the minimum sentence range, provides:

> (1) Except as otherwise provided in this section, for an offense enumerated in part 2 of this chapter [MCL 777.11 through MCL 777.19], determine the recommended minimum sentence range as follows:
>
> (a) Find the offense category for the offense from part 2 of this chapter. From [MCL 777.22], determine the offense variables to be scored for that offense category and score only those offense variables for the offender as provided in part 4 of this chapter [MCL 777.31 through MCL 777.49a]. Total those points to determine the offender's offense variable level.
>
> (b) Score all prior record variables for the offender as provided in part 5 of this chapter [MCL 777.50 through MCL 777.57]. Total those points to determine the offender's prior record variable level.
>
> (c) Find the offense class for the offense from part 2 of this chapter. Using the sentencing grid for that offense class in part 6 of this chapter

---

[9] *People v Krueger*, 466 Mich 50, 53; 643 NW2d 223 (2002).

[10] It is undisputed that if the PRVs should not have been scored, defendant is entitled to resentencing. See *People v Francisco*, 474 Mich 82, 88-92; 711 NW2d 44 (2006). If the trial court had not scored the PRVs, defendant's minimum sentence range would have been zero to 6 months, which if doubled would have resulted in a zero- to 12-month minimum sentence range, rather than the 10- to 46-month minimum range calculated by the trial court, and the trial court would have been required to impose an intermediate sanction rather than a prison term absent a reason justifying a departure. MCL 769.34(4)(a).

4

[MCL 777.61 through MCL 777.69], determine the recommended minimum sentence range from the intersection of the offender's offense variable level and prior record variable level. The recommended minimum sentence within a sentencing grid is shown as a range of months or life.

(2) If the defendant was convicted of multiple offenses, subject to [MCL 771.14], score each offense as provided in this part [MCL 777.21 through MCL 777.22].

(3) If the offender is being sentenced under [MCL 769.10, MCL 769.11, or MCL 769.12], determine the offense category, offense class, offense variable level, and prior record variable level based on the underlying offense. To determine the recommended minimum sentence range, increase the upper limit of the recommended minimum sentence range determined under part 6 for the underlying offense as follows:

(a) If the offender is being sentenced for a second felony, 25%.

(b) If the offender is being sentenced for a third felony, 50%.

(c) If the offender is being sentenced for a fourth or subsequent felony, 100%.

(4) If the offender is being sentenced for a violation described in [MCL 777.18], both of the following apply:

(a) Determine the offense variable level by scoring the offense variables for the underlying offense and any additional offense variables for the offense category indicated in [MCL 777.18].

(b) Determine the offense class based on the underlying offense. If there are multiple underlying felony offenses, the offense class is the same as that of the underlying felony offense with the highest crime class. If there are multiple underlying offenses but only 1 is a felony, the offense class is the same as that of the underlying felony offense. If no underlying offense is a felony, the offense class is G.

(5) If the offender is being sentenced for an attempted felony described in [MCL 777.19], determine the offense variable level and prior record variable level based on the underlying attempted offense.

Our overriding goal for interpreting a statute is to determine and give effect to the Legislature's intent.[11] The most reliable indicator of the Legislature's intent is the words in the statute.[12] We interpret those words in light of their ordinary meaning and their context within the statute and read them harmoniously to give effect to the statute as a whole.[13] Moreover, "every word should be given meaning, and we should avoid a construction that would render any part of the statute surplusage or nugatory."[14] If the statutory language is unambiguous, no further judicial construction is required or permitted because we presume the Legislature intended the meaning that it plainly expressed.[15]

MCL 777.21(1) sets forth the general rule for determining a defendant's minimum sentence range, while subsections (2) through (5) set forth exceptions to the general rule and additional explanations regarding how the sentencing guidelines are applied to various specific classes of defendants and offenses. Reading § 21(1) as the general rule is supported by the clear language of that subsection, which begins by stating, "Except as otherwise provided in this section, . . . determine the recommended minimum sentence range as follows[.]" The minimum sentence range is thus determined by following the

---

[11] *People v Koonce*, 466 Mich 515, 518; 648 NW2d 153 (2002).

[12] *Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999).

[13] *People v Morey*, 461 Mich 325, 330; 603 NW2d 250 (1999); *Farrington v Total Petroleum, Inc*, 442 Mich 201, 209; 501 NW2d 76 (1993).

[14] *AFSCME v Detroit*, 468 Mich 388, 399-400; 662 NW2d 695 (2003) (quotation marks and citations omitted).

[15] *Morey*, 461 Mich at 330.

instructions in § 21(1) unless one of the other subsections applies and provides an instruction that is inconsistent with the language in § 21(1).

The Legislature's use of "[e]xcept as otherwise provided" does not mean that when one of the other subsections is applicable, § 21(1) is entirely inapplicable. Rather, giving effect to the statute as a whole, § 21(1) is inapplicable only to the extent that one of the other subsections is *inconsistent* with an instruction in it.[16] For the purposes of this case, § 21(1)(b) instructs that a court "[s]core all prior record variables for the offender . . . ." The general rule applicable in *all* cases is thus to score the PRVs unless the language in another subsection of the statute directs otherwise.

In this case, the only other subsection relevant to the calculation of defendant's recommended minimum sentence range was § 21(4), which applies to violations "described in section 18 of this chapter . . . ." Section 18 of chapter XVII of the Code of Criminal Procedure refers to MCL 777.18, which includes subsequent controlled substance violations under MCL 333.7413(2).[17] As a result, the determination of defendant's minimum sentence range was also subject to the instructions in MCL 777.21(4). We must therefore consider the interplay between MCL 777.21(1) and MCL 777.21(4).

---

[16] See *Vega v Lakeland Hosps*, 479 Mich 243, 250-251; 736 NW2d 561 (2007) (treating the phrase " [e]xcept as otherwise provided" in the same manner).

[17] MCL 777.18 also applies to a controlled substance offense or offense involving gamma-butyrolactone on or near school property or a library, MCL 333.7410; recruiting or inducing a minor to commit a controlled substance felony, MCL 333.7416(1)(a); conspiracy, MCL 750.157a(a); inducing a minor to commit a felony, MCL 750.157c; voluntarily suffering a prisoner to escape, MCL 750.188; a felony committed in a weapon-free school zone, MCL 750.237a; and larceny of rationed goods, MCL 750.367a.

7

When applicable, § 21(4) provides additional rules relating to the scoring of OVs and the determination of the offense class of the sentencing offense. These instructions replace the OV and offense class directives in § 21(1)(a) and (c)[18] with the directives in § 21(4)(a) and (b). In particular, § 21(4) directs a court to determine the OV level by scoring the OVs for the underlying offense *and* any additional OVs for the offense category indicated in § 18. It also directs a court to determine the offense class using the underlying offense, while specifying that if there are multiple underlying felony offenses, the offense class is the same as that of the underlying felony with the highest crime class. It further directs that when there are multiple underlying offenses, but only one is a felony, the offense class is the same as that of the underlying felony. If no underlying offense is a felony, the offense class is G. However, § 21(4) does not explicitly instruct a court not to score the PRVs. Rather, absent from § 21(4) is any reference whatsoever to PRVs. Consequently, when read as a whole, the statute's language plainly supports the conclusion that the general rule to score PRVs still applies because § 21(4) has not "otherwise provided."

The language of § 21(4) further supports this interpretation by stating, "If the offender is being sentenced for a violation described in section 18 of this chapter, *both* of the following apply[.]"[19] The subsection continues with *two* specific provisions

---

[18] Section 21(1)(a) instructs on the offense category and the OVs to score in determining the OV level. Section 21(1)(c) instructs on finding the offense class and using the grid for that offense class to determine the recommended minimum sentence range on the basis of the intersection of the OV level and the PRV level.

[19] Emphasis added.

regarding how to determine the OV level and the offense class. Significantly, the Legislature did not state that "*only* both of the following apply" or "both of the following apply *exclusively*" when determining an offender's minimum sentence range under § 21(4). The absence of such exclusive language further demonstrates that that § 21(4) works in conjunction with, and not independently from, § 21(1).

We reject defendant's argument that the absence of a reference to PRVs in § 21(4) shows that the Legislature intended that the PRVs are not to be scored with respect to a defendant whose offense falls under § 21(4). Crucial in addressing this argument are the 2006 amendments of MCL 777.21.[20] Specifically, the amendments inserted "[e]xcept as otherwise provided in this section" in the opening sentence of § 21(1) and rewrote § 21(4), which had previously stated, "If the offender is being sentenced for a violation described in section 18 of this chapter, determine the offense class, offense variable level, and prior record variable level based on the underlying offense."[21] As a result of these amendments, § 21(4) no longer refers to PRVs.

---

[20] 2006 PA 655.

[21] The amendments also corrected a Roman numeral in § 21(2) to reflect the correct chapter number applicable to that subsection, but that change is irrelevant to the analysis here. The relevant changes to the statute were as follows, with strikeout showing deleted language and underlining showing new language:

> (1) Except as otherwise provided in this section, fFor an offense enumerated in part 2 of this chapter, determine the recommended minimum sentence range as follows:
>
> * * *
>
> (4) If the offender is being sentenced for a violation described in section 18 of this chapter, ~~determine the offense class, offense variable~~

9

Defendant contends that the removal of the reference to scoring PRVs in MCL 777.21(4) and the retention of the references to PRVs in MCL 777.21(3) and (5) show that the Legislature intended that a court not score PRVs when § 21(4) is applicable. Defendant also argues that scoring the PRVs on the basis of the language of § 21(1) when § 21(4) applies would render the references to scoring PRVs in the other subsections superfluous.

The Legislature did not alter *any* language in subsections (3) and (5), and thus those subsections retain their references to PRVs. Generally, when language is included in one section of a statute, but omitted from another section, it is presumed that the drafters acted intentionally and purposely in their inclusion or exclusion.[22] Similarly, "[c]ourts cannot assume that the Legislature inadvertently omitted from one statute the

---

level, and prior record variable level based on the underlying offense. both of the following apply:

(a) Determine the offense variable level by scoring the offense variables for the underlying offense and any additional offense variables for the offense category indicated in section 18 of this chapter.

(b) Determine the offense class based on the underlying offense. If there are multiple underlying felony offenses, the offense class is the same as that of the underlying felony offense with the highest crime class. If there are multiple underlying offenses but only 1 is a felony, the offense class is the same as that of the underlying felony offense. If no underlying offense is a felony, the offense class is G. [MCL 777.21, as amended by 2006 PA 655.]

[22] See *Russello v United States*, 464 US 16, 23; 104 S Ct 296; 78 L Ed 2d 17 (1983) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.") (quotation marks and citation omitted) (alteration in *Russello*).

10

language that it placed in another statute, and then, on the basis of that assumption, apply what is not there."[23]

We conclude that the 2006 amendments only clarified the OVs and offense class applicable to offenders falling under the purview of § 21(4). Removing the reference to PRVs did not affect the general direction that the PRVs be scored. Significantly, not all OVs are scored for each class of crime.[24] Thus, for offenses to which MCL 777.18 is applicable, legislative clarification was necessary because a court must consider the § 18 offense and the underlying offense when scoring the OVs.[25] The amendments of § 21(4) inform a trial court which OVs should be scored when § 18 comes into play, as well as which crime class applies, in order to clarify which sentencing grid must be used when calculating a defendant's minimum sentence range. Section 21(4) is thus not a standalone, independent sentencing statute, but merely part of the larger whole meant to provide additional guidance and the potential for heightened OV scoring for offenders

---

[23] *Farrington*, 442 Mich at 210.

[24] MCL 777.22.

[25] As an illustration, defendant's subsequent substance abuse offense violated MCL 333.7413(2), which, as noted, is an offense listed in MCL 777.18. In applying the instructions under MCL 777.21(4), the trial court scored the OVs for the underlying offense, delivery of less than 50 grams of heroin, MCL 333.7401(2)(a)(*iv*), which falls under the controlled substance offense category, as well as the offense variables applicable to MCL 333.7413(2), which falls under the public trust offense category. Consequently, in addition to the variables scored as a result of defendant's controlled substance offense, the trial court also scored OVs 4, 9, 10, and 16 as a result of defendant's public trust offense. Defendant's offense class was D because delivery of less than 50 grams of heroin is a class D offense and MCL 777.21(4) instructs that the offense class is based on the underlying offense.

11

falling under § 18, as well as clarity concerning the applicable offense class for those offenders.[26]

The retention of the reference to PRVs in MCL 777.21(3) and (5) does not undermine our conclusion. When considering the actual language of these subsections, each, when applicable, instructs a court to "determine the . . . prior record variable level *based on the underlying offense*."[27] Before the 2006 amendments, § 21(4) contained the same language. Thus, when read in context, subsections (3) and (5) do not contain freestanding instructions to score the PRVs. Rather, they indicate that when those subsections are applicable, the determination of a defendant's PRV level is based on the underlying offense.

---

[26] The verb selections in MCL 777.21 lend additional support to our conclusion that the amendments of § 21(4) had no impact on the general rule to score PRVs when determining the guidelines range under that subsection. When setting forth the general rule for PRVs in § 21(1)(b), the Legislature used the verb "score," instructing "score all prior record variables as provided in part 5 of this chapter." In § 21(4), however, the Legislature merely used the verb "determine," stating "[d]etermine the offense variable level" and "[d]etermine the offense class . . . ." The word "determine" is also used in the general rule in § 21(1)(a), instructing courts on how to determine the OVs to be scored and the offender's OV level. Conversely, "determine" is not used for the PRV instruction, which instead uses the word "score." The direction to "score" is a command, meaning that unless directed otherwise, a court *must* score an offender's PRVs in order to calculate the guidelines. "Determine," on the other hand, simply provides additional explanation concerning which OVs to score. Thus, when comparing the use of "determine" in § 21(1) with the use of "determine" § 21(4), the word choices in the statute support the conclusion that the amendments of § 21(4) were merely intended to provide further explanation regarding how to determine the OV level and the offense class for a defendant who committed an offense listed in § 18.

[27] MCL 777.21(3) (emphasis added). The language of subsection (5) is identical, except that it directs that the PRVs be scored on the basis of the "underlying attempted offense" because subsection (5) concerns attempted felonies.

12

Significantly, all seven PRVs are scored for *all felonies*.[28]  And the scoring of the

PRVs generally only considers a defendant's *prior* conduct.[29]  As a result, the underlying

offense has no effect on the scoring of the PRVs because they are determined by

reviewing a defendant's criminal history regardless of the underlying offense.  Therefore,

the instruction to determine the PRV level on the basis of the underlying offense is

inherently illogical.  A court cannot determine the PRV score on the basis of the

underlying offense when the scoring of any of the PRVs is in no way contingent on the

underlying offense.  Yet reading the statute in the manner that defendant suggests would

give an artificial meaning to the references to PRVs in § 21(3) and (5), contrary to the

language of the statute, because it would require that we overlook the full instruction to

determine a defendant's PRV level on the basis of the underlying offense.

We conclude that § 21(4) does not provide an instruction regarding the scoring of

the PRVs contrary to that set forth in § 21(1).  Rather, the 2006 amendments clarified

how a court determines the applicable OVs and offense classes for offenders falling

under the purview of § 21(4).  No distinction or further clarification was needed with

regard to the PRVs because, as previously addressed, the PRVs are scored the same way

no matter what the underlying offense.  Reading the various changes enacted as part of

the 2006 amendments of the statute together supports the conclusion that the general rule

---

[28] MCL 777.21(1)(b); 2 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 22:96, p 204.

[29] MCL 777.50 *et seq*.  PRV 7, MCL 777.57, provides an exception to this general rule in that it concerns subsequent and concurrent convictions, but this exception does not alter our analysis.

13

to score the PRVs still applies to § 21(4) because § 21(4) does not provide otherwise. The addition of the phrase "except as otherwise provided" to § 21(1) works in conjunction with the new language in § 21(4), stating that "both of the following apply," in introducing the substantive changes regarding the applicable OVs and offense classes. Thus, the rules "otherwise provided" *only* relate to the OV and offense class directions. Drawing this conclusion does not restore to the statute language that the Legislature omitted. Instead, the general direction in § 21(1) to score PRVs carries through to § 21(4) because there is no explicit language in § 21(4) instructing courts not to score PRVs. The PRVs are scored *not* because the Legislature removed the reference to scoring them, but because in the amendments to § 21(4), the Legislature simply did not provide a contrary rule that displaced the general PRV rule or an explicit direction not to score the PRVs.[30]

We recognize that our conclusion is contrary to statements made in *Lowe*, in which, we stated in a section of that decision responding to the dissent that the absence of a reference to PRVs in § 21(4) appeared to indicate that the Legislature intended that offenders falling under § 21(4) should not be scored with regard to the repeat nature of

---

[30] We note that our reading of the statute is consistent with and effectuates the Legislature's intent to promote uniformity and consistency in sentencing through the use of the sentencing guidelines and the general legislative purpose to punish recidivist offenders more severely. See MCL 769.10; MCL 769.11; MCL 769.12; MCL 333.7413; see also *People v Babcock*, 469 Mich 247, 263; 666 NW2d 231 (2003) ("The premise of our system of criminal justice is that, everything else being equal, the more egregious the offense, and the more recidivist the criminal, the greater the punishment."). By requiring the scoring of the PRVs, our analysis effectuates this purpose by avoiding the untoward consequence of punishing a recidivist drug offender less severely than a first-time drug offender.

14

the offense.[31]  The reference that *Lowe* made to § 21(4) not encompassing scoring of the

PRVs was merely a statement of the obvious because § 21(4) does not mention PRVs at

all, due to the fact that PRVs are addressed in *other* subsections of the statute.  Moreover,

the pertinent statements in *Lowe* are clearly nonbinding obiter dicta.[32]  The only issue in

*Lowe* was whether MCL 333.7413(2) permitted a trial court to enhance the minimum and

maximum portions of a defendant's sentence or whether the trial court could instead only

---

[31] *Lowe*, 484 Mich at 729-730.  Specifically, this Court stated:

> The dissent further argues that, because the sentencing guidelines apply to defendant's underlying offense—the possession of methamphetamine—the sentence must be within the minimum sentence guideline range as calculated for that offense.  *Post* at 737.  However, the Legislature expressly provided that the guidelines specifically apply to sentencing done pursuant to [MCL 333.7413(2)], MCL 777.18, and implemented a specific scheme for when "the offender is being sentenced for a violation [of § 7413(2)]," MCL 777.21(4).  Under this scheme, the trial court is directed to calculate the minimum sentence range based on the offense variables and offense class for the underlying felony.  MCL 777.21(4).  Notably, § 21(4) includes no scoring for prior record variables, even though MCL 333.7413(2) only applies if a defendant has, in fact, committed a prior offense.  In light of this, it seems reasonable to conclude that the Legislature, knowing that § 7413(2) allowed an enhancement of the minimum sentence, intended the minimum sentence guideline range to be calculated without respect to the underlying offense's repeat nature.  If the Legislature had intended for § 7413(2) to operate only as an enhancement of the maximum sentence, then MCL 777.21(4) would have been unnecessary, and the Legislature would have had no reason to apply the minimum sentence guidelines to sentencing under MCL 333.7413(2).  [*Id.* (second alteration in *Lowe*).]

[32] Obiter dicta are not binding precedent.  Instead, they are statements that are unnecessary to determine the case at hand and, thus, "lack the force of an adjudication." *Wold Architects & Engineers v Strat*, 474 Mich 223, 232 n 3; 713 NW2d 750 (2006) (citations and quotation marks omitted).

15

enhance the maximum portion of the sentence. The issue presented here is whether the PRVs should be scored for an offender who falls under the purview of MCL 777.21(4). The issue here is not contingent on the issue decided in *Lowe*, and the statements regarding § 21(4) in *Lowe* were not essential to the determination of that case. Consequently, we clarify that the holding in *Lowe* is limited to whether MCL 333.7413(2) permits a trial court to enhance a defendant's minimum and maximum sentence.

## IV. CONCLUSION

We hold that when calculating a defendant's recommended minimum sentence range under the sentencing guidelines when the defendant's minimum and maximum sentences may be enhanced pursuant to MCL 333.7413(2), a trial court should score the PRVs. Reading MCL 777.21(1) and (4) in conjunction with one another, MCL 777.21(1) instructs that the PRVs must be scored for each offender when determining the minimum sentence range. MCL 777.21(4), when read as a part of the larger whole, and in context with how the sentencing guidelines operate generally, does not displace this general requirement or provide a contrary instruction. Rather, MCL 777.21(4) is merely intended to provide guidance regarding how to determine the OV level and offense class for

offenders falling under MCL 777.18. Accordingly, the trial court properly scored the PRVs. Defendant's sentences are affirmed.[33]

Brian K. Zahra
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly

---

[33] With respect to the other appellate issue raised by defendant regarding his sentencing credit, we deny leave to appeal because we are not persuaded that the question presented should be reviewed by this Court.

STATE OF MICHIGAN

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v                                     No. 140524

DREW JAMES PELTOLA,

      Defendant-Appellant.

_____

CAVANAGH, J. (*dissenting*).

I respectfully dissent because I remain committed to my dissent in *People v Lowe*, 484 Mich 718, 732-743; 773 NW2d 1 (2009) (CAVANAGH, J., dissenting), and applying my *Lowe* dissent to this case renders the issue addressed by the majority irrelevant.

As I explained in *Lowe*, MCL 333.7413(2) does not permit a sentencing court to double a defendant's minimum sentence range if that sentence range is determined under the sentencing guidelines. Rather, MCL 333.7413(2) only permits a sentencing court to double a penalty provided within the controlled substances act, MCL 333.7101 *et seq*. In my judgment, this is the proper interpretation of MCL 333.7413(2) because, to the extent possible, it construes the applicable statutes harmoniously and avoids a potential conflict with MCL 769.34(2), which mandates that all minimum sentences fall within the range calculated under the sentencing guidelines, absent a properly justified departure. See *Lowe*, 484 Mich at 733-743 (CAVANAGH, J., dissenting).

Because, under MCL 769.34(2), defendant's minimum sentence range in this case must be determined under the sentencing guidelines, I would hold that defendant's

minimum sentence is not subject to enhancement under MCL 333.7413(2).  Like the defendant in *Lowe*, defendant's offense is listed in MCL 777.13m.  As a result, MCL 769.34(2) applies and defendant's minimum sentence must fall within the range calculated under the sentencing guidelines in chapter XVII of the Code of Criminal Procedure, MCL 777.1 through MCL 777.69.  See *Lowe,* 484 Mich at 736-739 (CAVANAGH, J., dissenting).  To properly calculate defendant's minimum sentence range under the guidelines, the prior record variables (PRVs) must be scored.  Thus, in this case, the trial court was correct to score defendant's PRVs.  Further, the trial court properly applied MCL 333.7413(2) to double defendant's maximum sentence because that portion of his sentence is determined by the controlled substances act.  See *Lowe*, 484 Mich at 732 (CAVANAGH, J., dissenting).  The trial court erred, however, when it applied MCL 333.7413(2) to double defendant's *minimum* guidelines range because the doubled minimum sentence range permitted the trial court to impose a sentence that exceeded the range calculated under the sentencing guidelines, contrary to MCL 769.34(2).[1]

Finally, I also note that, under my *Lowe* dissent, defendant's preferred scoring approach similarly could result in a sentence that impermissibly conflicts with MCL

---

[1] Defendant's total PRV score is 60 points and his total OV score is 6 points.  Thus, under the sentencing guidelines, defendant's minimum sentence range is 5 to 23 months.  But the trial court applied MCL 333.7413(2) to double defendant's minimum sentence range to 10 to 46 months.  Furthermore, in setting defendant's minimum sentence at 46 months, the trial court in this case expressly stated that the sentence was not a sentencing guidelines departure when, in fact, the sentence exceeded the properly calculated minimum sentence range under the guidelines.

769.34(2). If defendant's PRVs are not scored (or are scored at zero points) and the resulting guidelines range is doubled, defendant's minimum sentence could fall *below* the minimum range calculated under the sentencing guidelines.[2] Thus, if defendant's preferred approach were applied, the resulting sentence could conflict with the requirement in MCL 769.34(2) that, absent a properly justified departure, all minimum sentences for the enumerated felonies must fall within the range calculated under the sentencing guidelines because the resulting sentence could be shorter than the applicable sentencing guidelines range.

Because the prosecution's preferred approach to sentencing in this case, which the majority adopts, and defendant's preferred approach could both result in sentences that are inconsistent with MCL 769.34(2), I would not apply either approach. Rather, I would reverse the judgment of the Court of Appeals and remand for resentencing consistent with my *Lowe* dissent.

Michael F. Cavanagh
Marilyn Kelly

---

[2] As previously explained, defendant's minimum sentence range under the guidelines is 5 to 23 months. If defendant's PRVs were scored at zero points, his minimum sentence range would be reduced to zero to 6 months and, when doubled under MCL 333.7413(2), his minimum sentence range would become zero to 12 months, which is substantially lower than the 5 to 23 month range calculated under the guidelines.

3