# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DAVID DOUGLAS DAVIS,

        Defendant-Appellant.

UNPUBLISHED
April 12, 2018

No. 335051
Oakland Circuit Court
LC No. 15-256852-FC

Before: MURRAY, P.J., and SAWYER and STEPHENS, JJ.

STEPHENS, J. (*concurring in part and dissenting in part*).

While I agree with my colleagues' analysis of most of the issues in this case, because we differ on the implications of *People v Rosa*, ___ Mich App ___; ___ NW2d ___ (2018) (Docket No. 336445), I respectfully dissent. In *Rosa*, the prosecution argued that the evidence of the defendant's prior acts which occurred outside the 10-year-period were admissible under the "interest of justice" exception because they were probative of the defendant's pattern of behavior and did not violate MRE 403. This Court stated in relevant part that:

> The difficulty with this standard is that if we read the "interest of justice" exception to apply merely because evidence is probative of defendant's propensities and it survives MRE 403 review, the 10 year limitation has no meaning. All evidence admitted under MCL 768.27b, including evidence of acts falling within the ten-year window must be probative and must not violate MRE 403. Thus, to define "interest of justice" by such a standard means that evidence of beyond –ten-year-old prior acts is admissible simply by showing that it would be admissible had it occurred within the ten-year window. This renders the ten-year limit essentially nugatory, and it is well-settled that we must avoid any "construction that would render any part of the statute surplusage or nugatory." *People v Peltola*, 489 Mich 174, 181; 803 NW2d 140 (2011) (quotation marks omitted). [*Rosa*, ___ Mich App at ___; slip op at 3.]

This Court concluded that "evidence of prior acts older than 10 years were admissible under MCL 768.27b only if that evidence was uniquely probative or that without its admission, the jury is likely to be misled." *Id.*; slip op at 2. The 10-year-old evidence in this case, as in *Rosa*, is not uniquely probative.

-1-

There is no dispute that this defendant has an almost uninterrupted pattern of physical and verbal abuse toward domestic partners. However, as the majority notes, this case differs from the litany of others in that there is a claim that the defendant acting in self-defense and that the death of the victim was a mistake. In other words, the intent issue in this case is "unique." The majority highlights the testimony of the defendant's former wife who testified at trial to both pre and post 2004 incidents. Her testimony provides a sad history of a man who acted out of jealousy, petty perturbance, and sudden mood changes often fueled by alcohol.

The legislature made the policy determination that domestic abuse deserved a special admission rule. They crafted the statute with the temporal framework of MRE 609(c) and afforded an exception to that time limit "in the interests of justice." The *Rosa* Court noted that the exception to the time limit in the rule --that was itself an exception to our jurisprudence on character evidence-- must be narrow, and that our analysis of such requests for exceptions be piercing. The unique issue in this case is one of mistake. Defendant's argument in relation to the charged act at issue here is that he shot the victim by accident during a home invasion in the early hours of October 12, 2015. In none of the prior acts, that occurred both within and outside of the 10-year-limit, is there even a hint of "mistake." Rather, all of the prior acts testimony given supported an inference that defendant's conduct was intentional in the context of a domestic violence situation. Accordingly, the prior acts evidence was not uniquely probative.

The prior acts testimony outside of the 10-year-limit was also not needed to assure that the jury was not misled as to any relevant issue in this case. They were fully aware that his abuse was long standing because Wasil testified to an incident that occurred on January 6, 2006, in which defendant punched her multiple times in the face and held a folding knife to her neck. That incident resulted in defendant being convicted of assault with intent to do great bodily harm less than murder and sentenced to prison in June 2006. They were aware that his abuse had not halted because the testimony regarding other incidents of domestic abuse that were properly admitted and detailed the volatile nature of defendant's domestic relationships were of incidents that occurred between 2013 and 2015. Testimony was, also admitted concerning the jealousy and discord in the relationship between the victim and the defendant.

Thus, the prior bad acts described by defendant's ex-wives and girlfriends occurring beyond the 10 year time limit were neither uniquely probative nor necessary to assure that the jury was not misled. As in *Rosa*, the testimony was consistent with and cumulative to the testimony regarding the defendant's character and propensity.

/s/ Cynthia Diane Stephens