# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

LISA MARIE FINLAYSON,

        Defendant-Appellant.

UNPUBLISHED
August 14, 2018

No. 339010
Livingston Circuit Court
LC No. 16-023715-FH

Before: MURPHY, P.J., and GLEICHER and LETICA, JJ.

PER CURIAM.

A jury convicted defendant of escape while awaiting trial in violation of MCL 750.197(2). The court sentenced defendant to 34 to 96 months' imprisonment. Defendant challenges the sufficiency of the evidence supporting her conviction, the jury instructions given by the court, and the proportionality of her sentence. We discern no error warranting relief and affirm.

## I. FACTS

While restrained and being transported from the courthouse to the Livingston County Jail, defendant "slipped her [handcuffs]," removed her shoes, and started running toward a nearby pond. An officer ran after defendant, but lost her when she waded into the water and swam away. The officer commanded defendant to return to his custody, but defendant continued swimming. The officer commandeered a passing boat to assist his chase, caught up to defendant, and pulled her from the pond. Defendant later explained that she had planned to swim to the pond's far shore and steal a car.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant contends that the jury could not find beyond a reasonable doubt that she "escape[d]" "when all she did was . . . attempt to escape." We review de novo a criminal defendant's challenge to the sufficiency of the evidence. *People v Smith-Anthony*, 296 Mich App 413, 416; 821 NW2d 172 (2012), aff'd 494 Mich 669; 837 NW2d 415 (2013). "[W]e review the evidence in a light most favorable to the prosecutor to determine whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt." *Id.* (quotation marks and citations omitted). We also review de novo the trial court's interpretation of any underlying statutes. "We must apply the plain, unambiguous language of a statute as

-1-

written and may only engage interpretative tools when the statutory language is equally susceptible to more than one meaning. " *Id*.

MCL 750.197(2) proscribes escaping custody while being transferred from court to a correctional facility as follows:

> A person lawfully imprisoned in a jail or place of confinement established by law, awaiting examination, trial, arraignment, or sentence for a felony; or after sentence for a felony awaiting or during transfer to or from a prison, who breaks the jail or place of confinement and escapes; who breaks the jail, although no escape is actually made; who escapes; who leaves the jail or place of confinement without being discharged from the jail or place of confinement by due process of law; *who breaks or escapes while in or being transferred to or from a courtroom or court house, or a place where court is being held*; or who attempts to break or escape from the jail or place of confinement is guilty of a felony. [Emphasis added.]

The prosecution presented sufficient evidence that defendant escaped while being transported from court to the Livingston County Jail. The officer transporting defendant testified that she slipped out of her handcuffs, ran toward a pond, jumped in and swam away. The officer ordered defendant to return to his side, but she did not comply. He then had to hitch a ride on a passing boat to chase defendant down and forcibly take her back into custody. This was not a simple attempt, it was a completed offense; defendant had escaped but was recaptured. Recapturing defendant was a necessary step in charging and trying her for escape; after all, an individual still on the lam cannot be brought into court. Under defendant's reasoning, no one could be tried with escape (except perhaps in abstentia) as her recapture would transform the offense into an attempt. The Legislature did not intend that outcome.[1]

Moreover, the statute does not proscribe only escape; it provides that a person "who *breaks* or escapes" is guilty of a felony. Defendant clearly broke from custody during transfer. Defendant wriggled free from her wrist restraints and moved away from the custodial officer. This was a break under the statute. Accordingly, defendant is not entitled to relief.

---

[1] In this regard, we find instructive the New York case of *People v Antwine*, 823 NYS2d 1; 33 AD3d 215 (2006). In *Antwine*, an officer transported the defendant to a hospital immediately following his arrest because he complained of a hernia and a toothache. The officer handcuffed the defendant to an emergency room gurney, but later removed the cuffs to reposition the defendant. The defendant seized the opportunity to leap from the gurney and run down the hallway. The officer stayed in close pursuit and tackled the defendant 12 feet from the hospital's exterior doors. *Id*. at 2. The New York Supreme Court found this sufficient to convict the defendant of escape. The defendant "broke away from the officer" and was "free . . . albeit for a short period of time." *Id*. at 6. The court expressly rejected the defendant's claim that he could not be guilty of escape because he failed to "cross[]-the-threshold" of the hospital." *Id*. at 6-7.

## III. JURY INSTRUCTIONS

Defendant further contends that the trial court gave an erroneous jury instruction in addition to the standard instructions in an attempt to clarify the elements of the charged offense. We review jury instructions in their entirety, de novo, "to determine whether any error occurred." *People v Kowalski*, 489 Mich 488, 501; 803 NW2d 200 (2011).

> A criminal defendant has a constitutional right to have a jury determine his or her guilt from its consideration of every essential element of the charged offense. A defendant is thus entitled to have all the elements of the crime submitted to the jury in a charge which is neither erroneous nor misleading. Instructional errors that omit an element of an offense, or otherwise misinform the jury of an offense's elements, do not necessarily render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence. Accordingly, an imperfect instruction is not grounds for setting aside a conviction if the instruction fairly presented the issues to be tried and adequately protected the defendant's rights. [*Id*. at 501-502 (quotation marks, citations and alterations omitted).]

During closing argument, defense counsel contended for the first time that defendant was not guilty of "escape" because she had only attempted to escape. In rebuttal, the prosecutor contended that defendant had escaped because she had slipped out of custody and got away, even if it was only briefly. The court then gave general jury instructions and outlined the elements of the offense as follows:

> The defendant is charged with the crime of escape while in custody for a felony. To prove this charge, the prosecutor must prove each of the following elements beyond a reasonable doubt. First that the defendant was lawfully incarcerated or in custody awaiting examination and or sentencing for a felony. Second that the defendant escaped while in or being transferred to or from a courtroom or courthouse or place where court is held.[2]

The prosecutor interrupted and requested a bench conference. Outside the hearing of the jury, the prosecutor asserted that attempt is included in the escape statute and that defense counsel erroneously argued to the contrary in closing argument. Defense counsel retorted that the attempt language in the statute applied only when a defendant attempted to escape a "jail or place of confinement," not from an officer's custody during transport. During the argument, the court acknowledged that defendant had been charged with escape, not attempted escape. The court inquired whether the prosecution wished to amend the complaint to add a lesser or separate count of attempted escape. The prosecutor declined and clarified that she sought essentially a

---

[2] In its terse instruction, the trial court omitted reference to "breaking" under the statute. This error does not require reversal as the jury was instructed on escape and the evidence adequately supports that conviction.

curative instruction that attempting to escape was the same as a completed escape under the statutory language.

The court ultimately looked to an order of the Supreme Court in *People v Bell*, 439 Mich 869; 475 NW2d 826 (1991), and ruled that attempt to escape under any of the scenarios listed in MCL 750.197(2) amounted to a felony. However, the court ruled, the current defendant had not "attempted" to escape:

> I don't see how this jury could even find an attempt based on the evidence here. I mean I don't know if I need to even address it all. . . . I don't know they could find there was an attempt here but - - because based on the evidence presented the escape was completed. She, she left. Whether she made it 500 feet, 500 yards, or five miles I don't think is . . . the determining question here of an attempt. And I guess my concern is the argument made by defense could nullify them based on an inaccurate statement of the law. I mean whether she made it to the Mill Pond or whether she made it out to Grand River or whether she made it up to the freeway I don't think would have mattered. She escaped but was then rearrested. I mean she left . . . lawful custody.

Despite that the prosecution had charged and established a completed escape, the court emphasized that defense counsel had injected error that would confuse the jury:

> I don't know based on the facts how the jury could find [an attempt] but I can understand the concern of [the prosecutor] with regards to laypersons in a jury who may not understand that distinction and they're not given any further instruction, the instructions as given don't . . . define attempt for them. And you're [defense counsel] asking for them to find an attempt and find [defendant] not guilty, right?

The parties continued to argue regarding how the issue should be handled. Eventually, the court recalled the jury and advised that it would provide one additional instruction for their deliberations:

> A person who attempts to escape from a jail or place of confinement established by law awaiting examination and or sentencing while in or being transferred to or from a courtroom or courthouse or place where court is held is guilty of escape. Okay. An attempt has two elements. First the defendant must have intended to escape from jail. Second, the defendant must have taken some action toward escaping but failed to complete the escape. It is not enough to prove that the defendant made preparations for escaping, things like planning the escape, or arranging how it will be committed are just preparations. They do not qualify as an attempt. In order to qualify as an attempt, the action must go beyond mere preparation to the point where the escape would have been completed if it hadn't been interrupted by outside circumstances. To qualify as an attempt the act must clearly and directly be related to the escape and not some other goal.

Defendant correctly posits that the attempt language in MCL 750.197(2) is limited to a defendant "who attempts to break or escape from the jail or place of confinement." The statute describes several ways in which a defendant can commit an "escape," only one of which includes the term "attempts."

> [W]hen language is included in one section of a statute, but omitted from another section, it is presumed that the drafters acted intentionally and purposely in their inclusion or exclusion. Similarly, courts cannot assume that the Legislature inadvertently omitted from one statute the language that it placed in another statute, and then, on the basis of that assumption, apply what is not there. [*People v Peltola*, 489 Mich 174, 185; 803 NW2d 140 (2011) (quotation marks, citations, and alteration omitted).]

Accordingly, the trial court incorrectly instructed the jury that "[a] person who attempts to escape . . . while in or being transferred to or from a courtroom or courthouse or place where court is held is guilty of escape."

The trial court's error is highlighted by the standard jury instruction for the offense of escape. Mich Crim JI 13.11 provides:

> (1) The defendant is charged with the crime of escaping or attempting to escape from jail. To prove this charge, the prosecutor must prove each of the following elements beyond a reasonable doubt:
>
> (2) First, that the defendant was in jail [or a legal place of confinement] awaiting examination, trial, arraignment, sentencing for a [misdemeanor / felony], or transfer to or from prison after conviction.
>
> (3) Second, that the defendant:
>
> [Choose one of the following:]
>
> > (a) broke out of jail and escaped.
> >
> > (b) broke out of jail, though [he / she] did not actually escape.
> >
> > (c) left the jail without being legally discharged from it.
> >
> > (d) attempted to escape from jail. An attempt has two elements. First, the defendant must have intended to escape from jail. Second, the defendant must have taken some action toward escaping, but failed to complete the escape. It is not enough to prove that the defendant made preparations for escaping. Things like planning the escape or arranging how it will be committed are just preparations; they do not qualify as an attempt. In order to qualify as an attempt, the action must go beyond mere preparation, to the point where the escape would have been completed if it hadn't been interrupted by outside circumstances. To qualify as an attempt, the act must clearly and directly be related to the escape and not some other goal.

(e) broke out of jail or escaped while in or being transferred to or from a courtroom or courthouse, or a place where court is held.[3]

An "attempt" to escape is limited to the situation described in subsection (3)(d)—an "escape from jail." The instructions provide that a person may be guilty of escape "while in or being transferred to or from a courtroom or courthouse, or a place where court is held," Mich Crim JI 3.11(3)(e), but an attempt is not included in that section.

The trial court improperly relied on *Bell*, 439 Mich at 869, in determining that an attempt to escape is included within the offense of escape. The Supreme Court order reversed an unpublished opinion of this Court. The order quotes MCL 750.197(2), with the phrase "who attempts to break or escape from the jail or place of confinement" italicized. The order concludes, "clearly the Legislature has made the crime of attempt to escape from a jail or place of confinement by a person who has been lawfully imprisoned there a felony." *Id*. The order does not emphasize or discuss the statutory provision at issue in this appeal: "who breaks or escapes while in or being transferred to or from" court. *Bell* is therefore inapposite.

As noted, however, a defendant is not automatically entitled to relief based on a trial court's erroneous instructions to the jury. Here, defendant improperly confused the issues by arguing for the first time in closing that defendant only attempted to escape and therefore was not guilty of a completed escape. Defendant thereby invited the court's instruction on attempt. Moreover, defendant was not prejudiced by the instruction. The court correctly instructed the jury that to be convicted of an attempt to escape, the jury must find that defendant took "some action toward escaping but failed to complete the escape." Although the instruction was unwarranted, it actually buttressed the defense. The evidence more than adequately supported that defendant completed her escape and broke from custody as discussed in the previous section. Absent prejudice, defendant cannot establish that she is entitled to a new trial.

## IV. PROPORTIONALITY OF SENTENCE

Defendant finally argues that her within-guidelines minimum sentence is disproportionate to the seriousness of her crime. A within-guidelines sentence is presumptively proportionate as the Legislature contemplated the seriousness of the offense and characteristics of the offender in drafting the sentencing guidelines. *People v Milbourn*, 435 Mich 630, 635; 461 NW2d 1 (1990). See also *People v Jackson*, 320 Mich App 514, 527; 907 NW2d 865 (2017). Unless the trial court erred in scoring the guidelines or relied on inaccurate information, we must affirm. MCL 769.34(10); *Jackson*, 320 Mich App at 527; *People v Schrauben*, 314 Mich App 181, 196 and n

---

[3] We note an error in the standard jury instructions. Subsection (3)(e) instructs the jury to consider whether the defendant "broke out of jail or escaped while in or being transferred to or from a courtroom or courthouse, or a place where court is held." This clause of the statute, however, does not require the defendant to break out of jail; it requires the defendant to "break[] . . . while in or being transferred to or from" court.

-6-

1; 886 NW2d 173 (2016).[4]  Defendant does not contend that the court relied on inaccurate information and cites no error in the guidelines scoring.  As such, there is nothing for this Court to review.

We affirm.

/s/ William B. Murphy
/s/ Elizabeth L. Gleicher
/s/ Anica Letica

---

[4] We acknowledge that the Supreme Court has granted leave to appeal in *People v Ames*, 501 Mich 1026; 908 NW2d 303 (2018), citing *Schrauben*, 314 Mich App 181, to:

> address[] whether MCL 769.34(10) has been rendered invalid by this Court's decision in *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), to the extent that the statute requires the Court of Appeals to affirm sentences that fall within the applicable guidelines range "absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence."

However, until a decision from our Supreme Court holds otherwise, we are bound to follow prior published opinions of this Court.  MCR 7.215(C)(2).