*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KIMBERLY JOHNSON,

        Plaintiff-Appellee,

v

GEICO INDEMNITY COMPANY,

        Defendant-Appellant.

UNPUBLISHED
May 12, 2022

No. 351838
Wayne Circuit Court
LC No. 18-006423-NF

ON REMAND

Before: JANSEN, P.J., and MURRAY and CAMERON, JJ.

MURRAY, J., (*concurring*).

This case is resolved through the application of *Fashho v Liberty Mutual Ins Co*, 333 Mich App 612; 963 NW2d 695 (2020), where this Court upheld the grant of summary disposition to defendant on the basis that there was no genuine issue of material fact that the plaintiff had committed fraud in applying for no-fault benefits, and thus defendant properly denied the claim based on fraud. *Fashho*, 333 Mich App at 615, 621-622. As here, the plaintiff's insurance policy in *Fashho* allowed defendant to deny a claim (as opposed to voiding a policy, which it could also do) based on false misrepresentations, and the denial was based upon misrepresentations made both before the suit was filed, and after it was filed during discovery. *Id*. See also, *Shelton v Auto-Owners Ins Co*, 318 Mich App 648; 899 NW2d 744 (2017).

However, in my view neither *Meemic Ins Co v Fortson*, 506 Mich 287, 309-310; 954 NW2d 115 (2020), which held that the applicable antifraud contract provision was void because it was based upon post-procurement misrepresentations, nor *Williams v Farm Bureau Ins Co*, 335 Mich App 574; 967 NW2d 869 (2021), which in its holding[1] merely reaffirmed what *Meemic* held,

---

[1] *Williams* held that "the allegedly fraudulent statements were made postprocurement and did not influence or induce the policy's procurement. The rule of law clearly set forth in *Meemic* requires that we reverse the trial court." *Williams*, 335 Mich App at 581. The remainder of the opinion

address what is at issue here: whether an insurer can defend *a claim* for benefits (and not seek to void the entire policy) on the basis that the post-procurement information submitted in support of the claim was fraudulent. The *Meemic* Court, in fact, specifically disclaimed that it was addressing this issue. *Meemic*, 506 Mich at 307 n 15. Thus, I would abstain from any reliance on *Meemic* or *Williams*, as both dealt with defendants seeking to *void policies* with post-procurement misrepresentations. *VHS of Mich, Inc v State Farm Mut Auto Ins Co*, __ Mich App __, __; __ NW2d __ (2021) (Docket No. 352881); slip op at 9 ("this case is factually distinguishable from *Haydaw*, *Meemic*, and *Williams*, where the insurers sought to rescind or void the subject insurance policies on the basis of allegations of fraud on the part of the insured. Here, defendant has not sought to rescind its policy. Rather, it is seeking to plead fraud with particularity in order to justify denial of claimed benefits."). Defendant is not seeking to do that here, and the policy allows it to defend against the claim based upon fraud.

Although the undisputed material facts strongly suggest we simply affirm the trial court's order, it is not imprudent to remand for the trial court to make a fresh review of the evidence under the controlling law.

/s/ Christopher M. Murray

---

addresses the continued validity of *Bahri v IDS Prop Cas Ins Co*, 308 Mich App 420; 864 NW2d 609 (2014), which was unnecessary to the decision given that the majority twice concluded reversal was required by *Meemic*, and it was undisputed that the defendant was seeking to void the policy based on post-procurement fraud, which *Meemic* resolved. See *People v Peltola*, 489 Mich 174, 190 n 32; 803 NW2d 140 (2011)(Obiter dicta is a statement not necessary for the decision).