*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

KALAMAZOO PUBLIC SCHOOLS,

UNPUBLISHED
August 10, 2023

Charging Party-Appellant,

v

No. 363573

KALAMAZOO EDUCATION ASSOCIATION,
MEA/NEA,

MERC
Case No. 21-G-1465-CU

Respondent-Appellee.

Before: RIORDAN, P.J., and MARKEY and YATES, JJ.

YATES, J. (dissenting).

Just as all roads once led to Rome, all principles of statutory construction lead, in this case, to the ineluctable conclusion that a guidance counselor is not a "teacher" for purposes of the Public Employment Relations Act (PERA), MCL 423.215(3)(j). The Michigan Employment Relations Commission (the Commission) issued a decision in this case concluding that a guidance counselor is not a "teacher" under MCL 423.215(3)(j). We must have " 'cogent reasons' for overruling an agency's interpretation" of a statute. *In re Complaint of Rovas Against SBC Mich*, 482 Mich 90, 103; 754 NW2d 259 (2008). The Commission used dictionary definitions of the word "teacher," just as Michigan jurisprudence suggests, *South Dearborn Environmental Improvement Ass'n, Inc v Dep't of Environmental Quality*, 502 Mich 349, 361; 917 NW2d 603 (2018), to define the term. Additionally, the Commission looked to statutory definitions of the word "teacher" and cogently explained why an expansive definition of the term is incompatible with MCL 423.215(3)(j). As a result, I believe we have no basis to reject the Commission's interpretation of the word "teacher" in MCL 423.215(3)(j), so I dissent.

## I. STANDARDS OF REVIEW

The outcome of this appeal turns on the meaning of the word "teacher" included in MCL 423.215(3)(j). This Court must review the Commission's interpretation of MCL 423.215(3)(j) de novo. *Complaint of Rovas*, 482 Mich at 97. "[A]n agency's interpretation of a statute is entitled to 'respectful consideration,' but courts may not abdicate their judicial responsibility to interpret statutes by giving unfettered deference to an agency's interpretation." *Id*. at 93. Put another way,

courts "must respect legislative decisions and interpret statutes according to their plain language." *Id*. This standard requires " 'cogent reasons' for overruling an agency's [statutory] interpretation." *Id*. at 103.

## II. LEGAL ANALYSIS

Kalamazoo Public Schools (the District) insists the Commission erred in defining the term "teacher" as used in MCL 423.215(3)(j) and, in doing so, mishandled the grievance filed on behalf of guidance counselor Tiffany Spencer by the Kalamazoo County Education Association (KEA). Our Supreme Court has explained that, when statutory language is unambiguous, courts "presume the Legislature intended the meaning that it plainly expressed." *People v Peltola*, 489 Mich 174, 181; 803 NW2d 140 (2011). In interpreting a statute, "every word should be given meaning, and we should avoid a construction that would render any part of the statute surplusage or nugatory." *Id*. (quotation marks omitted). "Terms that are not defined in a statute must be given their plain and ordinary meanings, and it is appropriate to consult a dictionary for definitions." *City of Grand Rapids v Brookstone Capital, LLC*, 334 Mich App 452, 464; 965 NW2d 232 (2020) (quotation marks and citation omitted).

The PERA expressly governs the employment relationship between a public employer and its employees. See MCL 423.201 *et seq*. Under MCL 423.215(1), a public employer has a duty to "bargain collectively with the representatives of its employees." Such bargaining must be done in good faith, and there are certain subjects over which the public employer is required to bargain, such as wages, hours, and other conditions of employment. *Id*. Conversely, there are subjects that cannot be part of collective bargaining. As MCL 423.215(3)(j) explains:

> (3) Collective bargaining between a public school employer and a bargaining representative of its employees shall not include any of the following subjects:
>
> *   *   *
>
> (j) Any decision made by the public school employer regarding teacher placement, or the impact of that decision on an individual employee or the bargaining unit.

The PERA does not define a "teacher," but the word is defined in several other statutes and rules concerning teachers. The Teachers' Tenure Act, MCL 38.71 *et seq*., defines a "teacher" as "a certificated individual employed for a full school year by any board of education or controlling board." MCL 38.71(1). The Legislature explicitly stated, however, that that definition applies to the word "teacher" "as used in this act." *Id*. Also, the Revised School Code, MCL 380.1 *et seq*., contains a definition of a "teacher" that differs from the definition in the Teachers' Tenure Act. In a section addressing teacher evaluations and training, the Revised School Code defines a "teacher" in MCL 380.1249(8) as follows:

> As used in this Section, "teacher" means an individual who has a valid Michigan teaching certificate or authorization or who is engaged to teach under section 1233b; who is employed, or contracted for, by a school district, intermediate school district, or public school academy; and who is assigned by the school district, intermediate school district, or public school academy *to deliver direct instruction to pupils* in any of grades K to 12 as a teacher of record. [Emphasis added.]

-2-

Presented with competing definitions of a "teacher" from the Teachers' Tenure Act and the Revised School Code, the Commission relied instead on the dictionary definition of a "teacher" to resolve whether MCL 423.215(3)(j) applies to Spencer. Because the Legislature had not indicated whether the term "teacher placement" in MCL 423.215(3)(j) should apply to an employee whose employment is regulated by the Teachers' Tenure Act or who satisfies the definition of a "teacher" in the Revised School Code, the Commission sought to divine the plain and ordinary meaning of a "teacher" by consulting dictionaries. After quoting the definition of a "teacher" in each of those dictionaries, the Commission noted that "[a]n individual employed as a Guidance Counselor meets none of these definitions of a 'teacher.' " The Commission also observed that any definition of a "teacher" that includes a guidance counselor does not advance the purpose of MCL 423.215(3)(j), which was to "improve teaching and education by rewarding well-performing *classroom teachers* and penalizing sub-standard *classroom teachers*." (Emphasis added.)

The District faults the Commission for not following the lead of the Revised School Code by deferring to the certification of Spencer as a teacher. The District contends that, by not treating Spencer as a "teacher," the Commission improperly exercised the authority vested in the Michigan Department of Education to determine who is a teacher. But that argument conflates two issues: (1) who constitutes a teacher under MCL 423.215(3)(j); and (2) who *is qualified* to be a teacher as decided by the Michigan Department of Education and the Revised School Code. The governing inquiry is whether Spencer constitutes a "teacher" for purposes of MCL 423.215(3)(j), not whether she is qualified to be a teacher under the Revised School Code. Hence, the District's contention that all employees who are qualified to be teachers are subject to "teacher placement" under MCL 423.215(3)(j) cannot survive scrutiny. Under that approach, an individual hired for a non-teaching position such as a counselor who holds a teaching certificate would have to surrender that teaching certificate or risk being involuntarily placed as a classroom teacher.[1] That interpretation—which dictates that an individual employed by a school district who is certified to be a teacher risks being involuntarily reassigned to a classroom position regardless of the position that the individual was hired to occupy—defies logic. Thus, the District has not demonstrated that the Commission erred in refusing to determine that anyone qualified to be a teacher under the requirements in the Revised School Code must be deemed a "teacher" for purposes of MCL 423.215(3)(j).

The majority contends that the Commission should have adopted the Teachers' Tenure Act definition of a "teacher" in applying MCL 423.215(3)(j). The majority observes that the Teachers' Tenure Act is referenced in MCL 423.215(3)(k), (l), (m), and (n), so it would make sense to believe that the Legislature intended "teacher" as used in MCL 423.215(3)(j) to share the Teachers' Tenure Act's definition of the word. But this argument is contrary to principles of statutory interpretation. "Generally, when language is included in one section of a statute but omitted from another section, it is presumed that the drafters acted intentionally and purposely in their inclusion or exclusion."

---

[1] Under Michigan law, every fulltime teacher "must hold a valid teaching certificate to teach in a department of the school." MCL 380.1233(1). In contrast, a person can "serve in a counseling role in the school district or intermediate school district" based on possession of "a valid teaching certificate with a school counseling endorsement[,]" MCL 380.1233(2)(a), or by meeting statutory criteria separate from teacher certification. MCL 380.1233(2)(b) and (c).

*Peltola*, 489 Mich at 185. The fact that the Legislature included explicit references to the Teachers' Tenure Act in four subsections of MCL 423.215(3), but did not include any such reference in MCL 423.215(3)(j), strongly suggests the Legislature did not intend that the Teachers' Tenure Act would apply to MCL 423.215(3)(j).[2] See *Peltola*, 489 Mich at 185.

To be sure, this Court has instructed the Commission to give a broad interpretation to MCL 423.215(3)(j). See *Ionia Ed Ass'n v Ionia Pub Schs*, 311 Mich App 479, 486-487; 875 NW2d 756 (2015). But if the definition of a "teacher" selected by the Commission is accurate, that instruction does not apply in this case. No authority suggests that interpreting a statute broadly obligates the Commission to exceed the bounds of definitions of relevant words. Affording the Commission's interpretation of MCL 423.215(3)(j) "respectful consideration," as we must do, neither the District nor the majority has furnished "cogent reasons" for overruling the Commission's definition of the term "teacher." See *Complaint of Rovas*, 482 Mich at 97, 103. The Commission properly relied on the dictionary definition of the word "teacher," which is not defined in the PERA. *Brookstone Capital, LLC*, 334 Mich App at 464. Because the majority has not shown a conflict between the Commission's definition and the Legislature's intent, we have no basis to reject the definition of a "teacher" chosen by the Commission. See *Complaint of Rovas*, 482 Mich at 103. Accordingly, I believe we must accept the Commission's ruling that Spencer, as a guidance counselor, was not a "teacher" for purposes of placement under MCL 423.215(3)(j).

### III. LEGISLATIVE DEVELOPMENTS

In a rare instance of immediate legislative assistance in this Court's work on interpreting a statute, our Legislature recently spoke to the significance of MCL 423.215(3)(j) by totally excising that subsection from the PERA. See 2023 PA 115. Thus, the Legislature, in its handiwork and its analysis, left no doubt that the amendment renders "teacher placement" subject to the collective-bargaining process. To be sure, the effective date of that amendment has not yet arrived because it was not given immediate effect, but the elimination of MCL 423.215(3)(j) and the concomitant recognition of the right to arbitrate challenges to transfers of all teachers and guidance counselors alike depends on nothing more than the passage of time. In other words, the Commission showed remarkable prescience in ordering the parties to arbitrate the transfer of the guidance counselor in this matter because, regardless of her status as a "teacher," her transfer will soon have to be handled through arbitration. Because our decision in this case comes with an obvious expiration date, I see no reason to deny the KEA arbitration of the transfer at issue here. Accordingly, I dissent.

/s/ Christopher P. Yates

---

[2] The majority and I draw diametrically opposed conclusions from the references to the Teachers' Tenure Act in other subsections of MCL 423.215(3), but not in MCL 423.215(3)(j). In my view, the omission of any reference to the Teachers' Tenure Act in MCL 423.215(3)(j) must be deemed intentional, so the omission conclusively reveals that the Teachers' Tenure Act should not be used to interpret MCL 423.215(3)(j). In contrast, the majority reasons that, "because MCL 423.215(3) includes multiple explicit references to the TTA, we conclude that the TTA and MCL 423.215(3) are *in pari materia*."