*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROBERT F. KENNEDY JR.,

      Plaintiff-Appellant,

v

SECRETARY OF STATE,

      Defendant-Appellee.

UNPUBLISHED
September 6, 2024

No. 372349
Court of Claims
LC No. 24-000138-MB

Before: GADOLA, C.J., and CAVANAGH and BOONSTRA, JJ.

PER CURIAM.

Plaintiff, Robert F. Kennedy, Jr., appeals as of right from the September 3, 2024 opinion and order of the Court of Claims that denied his request for mandamus, declaratory, and injunctive relief. Plaintiff wanted to remove his name from the general election ballot, but defendant denied his request. Because the statutory prohibition against candidate withdrawal cited by defendant does not apply to plaintiff, we REVERSE and REMAND for entry of an order granting immediate mandamus relief to plaintiff.

## FACTS AND PROCEDURAL HISTORY

Plaintiff sought, and obtained, the nomination of the Natural Law Party to appear on the ballot in Michigan. In April 2024, the Natural Law Party filed a certification of nomination that listed plaintiff as the party's nominee.

In August 2024, plaintiff suspended his presidential campaign. On August 23, 2024, plaintiff wrote a letter to Jonathan Brater, the Director of the Michigan Bureau of Elections, and asked that his name not appear on the ballot. Plaintiff informed Director Brater that he intended to withdraw from the election.

Defendant responded in a short email on August 26, 2024 and declined to accept plaintiff's withdrawal. According to defendant's email, "Michigan Election Law does not permit minor party candidates to withdraw. MCL 168.686a(2)." Defendant has made no effort to rely on that subsection once the litigation in this matter began, however, and it appears by all accounts that that subsection does not apply to plaintiff.

-1-

After additional email exchanges, defendant again denied plaintiff's request to withdraw. This time, defendant cited MCL 168.686a(4) and stated that, in her estimation, plaintiff could not withdraw his name from the ballot.

Plaintiff filed a complaint in the Court of Claims in which he sought mandamus relief. The complaint was filed after hours on the Friday of a holiday weekend—Labor Day weekend. The complaint was docketed on September 3, 2024. That same day, and without receiving an answer, the Court of Claims denied relief in a written opinion. The Court of Claims relied on MCL 168.686a(4) in support of its conclusion that plaintiff was not entitled to have his name withdrawn from the ballot.

Plaintiff filed his claim of appeal, along with his appellate brief, on September 4, 2024, at approximately 10:00 p.m. Consistent with this Court's order, defendant has filed her appellee brief on an expedited basis.

ANALYSIS

At its core, plaintiff contends that he is entitled to a writ of mandamus. This Court reviews for an abuse of discretion the trial court's decision whether to grant or deny mandamus relief. *Berry v Garrett*, 316 Mich App 37, 41; 890 NW2d 882 (2016). Mandamus is an extraordinary remedy that will only issue if the plaintiff demonstrates:

> that (1) the plaintiff has a clear, legal right to performance of the specific duty sought, (2) the defendant has a clear legal duty to perform, (3) the act is ministerial, and (4) no other adequate legal or equitable remedy exists that might achieve the same result. In relation to a request for mandamus, a clear, legal right is one clearly founded in, or granted by, law; a right which is inferable as a matter of law from uncontroverted facts regardless of the difficulty of the legal question to be decided. [*Id*. (citation and quotation marks omitted).]

As an initial matter, defendant argues that plaintiff's complaint is barred by the doctrine of laches. This matter was not raised before the Court of Claims because the court issued its opinion before defendant had the opportunity to answer the complaint. Defendant notes that the statutory deadline to send county clerks the list of candidates for office at the upcoming general election is Friday, September 6. See MCL 168.648 (requiring notice at least 60 days in advance of the election). Defendant also asserts that ballots must be printed almost immediately after this deadline in order for local clerks to meet the deadlines for providing absent voter ballots and military and overseas ballots. See MCL 168.713; MCL 168.759a. Defendant contends that plaintiff engaged in unreasonable delay by waiting to withdraw for over four months after receiving the Natural Law Party's nomination. Defendant also argues that plaintiff's conduct in both the Court of Claims and in this Court was dilatory.

The equitable doctrine of laches can be applied in election cases to bar untimely challenges. See, e.g., *Davis v Sec'y of State*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 362841), slip op at 9. "When no acceptable explanation is proffered for a plaintiff's delay, a plaintiff's requested relief should be barred by unexcused laches." *Id*. Lawsuits filed in election matters "are especially prone to causing profound harm to the public and to the integrity of the election process

the closer in time those challenges are made to the election, making laches especially appropriate to apply in such matters." *Id*.

On the issue of laches, it should be acknowledged that plaintiff waited four months after his nomination to attempt to have his name withdrawn from the ballot. At the same time, however, it is not apparent that he delayed in withdrawing, as there is no evidence in the record about when the desire to withdraw arose. In addition, it cannot be denied that plaintiff appears to have tarried somewhat in his attempts to obtain relief in both the Court of Claims and in this Court. Nevertheless the trial court was able to render its decision in time for defendant to comply with her statutory duties notwithstanding these delays, and we are able to do so as well. Furthermore, the law generally favors merit-based decisions. See *Davis*, __ Mich App at __, slip op at p. 11. Accordingly, we reject defendant's laches argument.

Turning to the merits of the question involved, the parties direct the Court's attention to statutes that pertain to the nomination process for presidential candidates. For instance, the parties' briefing references MCL 168.686. That statute is pertinent to an extent, because it provides for the nomination of presidential and vice presidential candidates. Nevertheless, the statute is silent on the issue of withdrawal.

Defendant takes the position that the answer to the withdrawal question is found in the subsequent section of this state's election law, MCL 168.686a. In general, the process for nominating a minor political party candidate is set forth in MCL 168.686a. See *Holliday v Sec'y of State*, __ Mich App __, __; __ NW3d __ (2024) (Docket Nos. 372241; 372255; 372256), slip op at p. 17. By all accounts, plaintiff was nominated by what this state's election law refers to as a "minor political party." MCL 168.686a(1) provides that "[i]f a political party entitled to a position on the ballot failed to have at least 1 candidate who polled at least 5% of the total vote cast for all candidates for secretary of state at the last preceding election at which a secretary of state was elected, candidates for that political party shall be nominated as provided in section 532." Meanwhile, § 532 provides, in somewhat circular fashion, that the nomination of minor party candidates "shall be made by means of caucuses or conventions which shall be held and the names of the party's nominations filed at the time and manner provided in section 686a of this act." MCL 168.532.

As directed by § 532, we turn back to § 686a. Defendant originally relied on § 686a(2) to deny plaintiff's request to withdraw, but now defendant appears to have abandoned reliance on that subsection. Given that this subsection applies to "County caucuses" and given that it refers to offices other than the office of president, the court agrees with defendant that this subsection neither applies to, nor controls the outcome of, this case.

Defendant now relies on MCL 168.686a(4). That subsection pertains to the nomination of minor political parties, and provides as follows:

> The state convention shall be held at the time and place indicated in the call. The convention shall consist of delegates selected by the county caucuses. The convention may fill vacancies in a delegation from qualified electors of that county present at the convention. *The convention may nominate candidates for all state offices*. District candidates may be nominated at district caucuses held in

conjunction with the state convention attended by qualified delegates of the district. If delegates of a district are not present, a district caucus shall not be held for that district and candidates shall not be nominated for that district. Not more than 1 business day after the conclusion of the convention, the names and mailing addresses of the candidates nominated for state or district offices shall be certified by the chairperson and secretary of the state convention to the secretary of state. The certification shall be accompanied by an affidavit of identity for each candidate named in the certificate as provided in section 558 and a separate written certificate of acceptance of nomination signed by each candidate named on the certificate. The form of the certificate of acceptance shall be prescribed by the secretary of state. The names of candidates so certified with accompanying affidavit of identity and certificate of acceptance shall be printed on the ballot for the forthcoming election. *Candidates so nominated and certified shall not be permitted to withdraw.* [Emphasis added.]

Plaintiff argues that § 686a(4) only applies to candidates for "state offices" and that its prohibition against withdrawal does not apply to candidates for the office of President of the United States. In light of the plain and unambiguous language of the statute, we agree.[1] As plaintiff notes, the fourth sentence of § 686a(4) directs that the minor party's convention "may nominate candidates *for all state offices*." The office of President of the United States is not a "state office," but instead is a federal office. The text of the statute does not mention any federal offices at all. And this is significant, because the prohibition against withdrawing applies to "Candidates so nominated . . . ." When read in context, see *McCahan v Brennan*, 492 Mich 730, 730; 822 NW2d 747 (2012), it is apparent that the "Candidates so nominated" are those that are nominated by the minor political party "for all state offices" as referenced earlier in the same subsection.

Instead of being controlled by § 686a, the nomination process for the office of president is controlled by MCL 168.686. Unlike § 686a, MCL 168.686 expressly mentions nominations for "the offices of president of the United States and vice-president of the United States . . . ." Section 686 does not contain the prohibition against withdrawing after certification that is found in § 686a(4), however. In fact, § 686 does not mention withdrawal at all. We find that the omission of the prohibition against withdrawal in § 686 is significant and that it demonstrates that the Legislature did not intend to constrain candidates for the office of president in the same manner as candidates for state office. See *People v Peltola*, 489 Mich 174, 185; 803 NW2d 140 (2011) ("Generally, when language is included in one section of a statute but omitted from another section, it is presumed that the drafters acted intentionally and purposely in their inclusion or exclusion."). Stated otherwise, the Legislature made clear its intention in § 686a to restrict the ability of candidates seeking state offices to withdraw, but it did not likewise restrict the ability of candidates for the office of President of the United States in § 686. And without that restriction, defendant had no basis to deny plaintiff's request to withdraw his name from the ballot.

---

[1] We note that MCL 168.686a(4) also relates to candidates nominated for "district offices" at district caucuses. But that aspect of the provision is not at issue in this case. Consequently, our description of MCL 168.686a relates to the nomination of candidates at state conventions.

While not argued by defendant, we note the circular references between § 686a and § 532. In particular, § 532 refers to "all candidates" nominated by the minor political party, and it refers to § 686a and the statute's requirements. However, § 686a(4) only refers to candidates for "state offices." When construing these provisions, we must read them in a manner that is consistent with one another, if possible. *Gebhardt v O'Rourke*, 444 Mich 535, 542; 510 NW2d 900 (1994). Here, we construe these statutes to mean that § 686a(4) refers to *all state offices*, not all offices in general. Any contrary conclusion would require us to overlook § 686a(4)'s express limitation to "state offices," which we cannot do.

CONCLUSION[2]

Plaintiff sought to have his name withdrawn from the ballot in advance of the upcoming general election. While the request was made close to the deadline for defendant to give notice of candidates to local election officials, it was not made so late that laches should apply. Additionally, we conclude that the absence of any statutory authority prohibiting his withdrawal gave plaintiff a clear legal right to have his name removed from the ballot. Defendant had no ability to disregard that request. And, at this point, no other remedy aside from mandamus is available to plaintiff, given the impending deadline for defendant to send notice to local election officials. Finally, removing plaintiff from the ballot is a ministerial task. See *Barrow v Detroit Election Comm*, 301 Mich App 404, 412; 836 NW2d 498 (2013). Accordingly, we hold that plaintiff is entitled to mandamus relief and that defendant shall remove plaintiff's name from the ballot, as requested.

We REVERSE and REMAND for entry of an order granting immediate mandamus relief. This order has immediate effect. MCR 7.215(E)(2). We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Mark J. Cavanagh
/s/ Mark T. Boonstra

---

[2] Because we hold that plaintiff is entitled to immediate mandamus relief, we need not address his remaining arguments.